**John Glenn RIDEAU, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–195 CR.**

Court of Appeals of Texas, Beaumont.

May 11, 1988.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., and R.W. Fisher, Asst. Criminal Dist. Atty., Jefferson County, Beaumont, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of the offense of aggravated robbery. Punishment was assessed by the court at fifteen years in the Texas Department of Corrections. Appeal has been perfected to this court.

■ Appellant complains the prosecutor improperly commented during voir dire examination upon the trial judge's opinion of the facts of the case. The comment complained of is as follows:

[The State]: Now, let me tell you what I anticipate a little bit about the facts, to make sure, to see if of [sic] you actually know anything about this.

The Judge told you it happened on October sixteenth, in Jefferson County. As a matter of fact, it happened at Calder and Ewing. The victim in this case ... came in from out of town, it was about midnight ... and he was held up and his money was taken and his watch was taken.

Is anybody familiar with those facts back then, or think you might be familiar with those facts?

Prosecuting attorneys must be very cautious not to bring before the jury any reference to the presumed opinion of the trial judge on any fact issue. *McClory v. State*, 510 S.W.2d 932, 934–35 (Tex.Crim.App. 1974). The prosecutor in this case overstepped the bounds of proper voir dire examination. However, appellant concedes the trial judge never made reference to when, or even if, the offense occurred; had defense counsel objected to the prosecutor's statement, the judge could easily have reminded the jury he had made no such statement and instructed them to disregard the prosecutor's comment, curing the error. Failure to object at trial waives error. *Esquivel v. State*, 595 S.W.2d 516, 522 (Tex. Crim.App.), *cert. denied*, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). Appellant's first point of error is overruled.

■ Next, appellant contends the trial court compromised his right to the presumption of innocence. During voir dire, the following exchange occurred:

[Defense Counsel]: You haven't heard much from the District Attorney on the issue of guilt or innocence. That's why they have two sides. That's why I have the opportunity to talk to you now.

I would present to each and every one of you, today, a fact. It's the law, also. John Glenn Rideau is innocent. Right now he's innocent. He's—

[The State]: Your Honor, I object. It's a presumption of innocence.

The Court: Sustained. Restate it, [defense counsel].

[Defense Counsel]: I had planned to, Your Honor.

He is innocence [sic], because he's presumed innocent, under the laws of the State and of our country.

Do each and every one of you understand the presumption of innocence? Nod your heads, if you do.

**250**

Appellant argues on appeal, "The presumption of innocence, if it is to have any meaning at all, must mean that an accused is innocent until such time as evidence to the contrary is presented.... The Trial Court was in error in sustaining the State's objection, thereby implying that Appellant was not innocent."

Admittedly, the concept of "presumption of innocence" is difficult to explain to a jury. In her zeal, appellant's trial counsel incorrectly explained the maxim so as to convey to the jury that appellant was, in fact and in law, innocent at that time. The presumption of innocence does not itself "make" the defendant innocent. Instead, the presumption serves as a reminder to the jury of the state's burden to prove its case and as a caution that they are to consider nothing but the evidence in passing upon the accused's guilt. 1 R. Ray, Texas Law of Evidence Civil and Criminal sec. 88 (Texas Practice 3rd ed. 1980).

By sustaining the prosecution's objection, the court in no way implied appellant was not innocent. The court merely required defense counsel to restate her explanation of the concept of presumption of innocence so as to stay within its purview. Appellant's second point of error is overruled.

Finally, appellant complains of an argument made by the prosecutor during the guilt/innocence phase of the trial, as follows:

> [O]ne of the most important things in a person's life, in a criminal defendant's life, and I told you about you can subpoena whoever you want to come testify that this alibi—"I bought a watch from somebody,"—you know, that person is not here, and that's a person that, maybe, you see around. He's on the street, but he's not here to tell you that, "Oh, yeah, I sold a watch." You know, you have to wonder about that.

Appellant contends the prosecutor's statement constituted a comment on appellant's failure to testify.

 The prosecutor's comment, heard in context with the evidence, referred to defendant's failure to call as a witness the man from whom he allegedly bought his watch. The comment was neither manifestly intended as, nor of such a character that the jury would naturally and necessarily take it to be, a comment on his failure to testify. *Griffin v. State*, 554 S.W.2d 688, 691 (Tex.Crim.App.1977). At any rate, appellant failed to object to the comment, waiving any error on appeal. *See Losada v. State*, 721 S.W.2d 305, 313 (Tex.Crim.App.1986). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.