Affirmed; Majority and Concurring Opinions filed November 4, 2004









Affirmed; Majority and Concurring Opinions filed
November 4, 2004.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00958-CR

____________

 

OPAL KATE MILES
a/k/a KATE O. MILES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court

Harris County, Texas

Trial Court Cause No. 913,682

 



 

C O N C U R R I N G   O P I N I O N








The majority holds that the presumption of
innocence persists until a verdict is returned by the jury.  There is both state and federal authority to
support this position, and I fully join the majority in that holding.[1]  The Texas Court of Criminal Appeals has
stated, for example, that a defendant Ais presumed to be innocent until his
guilt is proven.  That presumption should
exist in the minds of the jury when the case begins and continue until all the
evidence is in.  He is still presumed
to be innocent, in law, until the jury has returned its verdict of guilt.@ 
Runnels v. State, 213 S.W.2d 545, 547 (Tex. Crim. App. 1948)
(emphasis added).   But while I have no quarrel with the majority=s holding, I write
separately to address what seems at first to be a logical fallacy in Runnels,
namely, that jurors must consider the defendant to be actually innocent after
hearing all the evidence.

Here, the record shows that after both
sides had rested, appellant=s counsel informed
the jury, AAt this point in time, by law, my client
is presumed to be innocent.@  The State=s attorney
immediately objected and argued, ANot after the
trial=s over, I wouldn=t think.  That=s the presumption
before the trial starts.@ 
The trial court sustained the prosecutor=s objection, and
we find such ruling was error, albeit harmless.

The prosecutor=s confusion stems
from the fact that the presumption of innocence has no correlation with actual
innocence.  See Zimmerman v. State,
860 S.W.2d 89, 97 (Tex. Crim. App. 1993) (holding the presumption of innocence
does not carry with it the connotation that a defendant is in fact
innocent).  In fact, there is nothing
about the presumption of innocence that Arenders@ the defendant
innocent.  Rideau v. State, 751
S.W.2d 248, 250 (Tex. App.CBeaumont 1988, no
pet.)  Rather, the presumption of
innocence is merely A a >short-hand= substitute for
substantive criminal law.@  Madrid
v. State, 595 S.W.2d 106, 110 (Tex. Crim. App. 1979).  It is an expression of the State=s burden to prove
the defendant=s guilt. 
In other words, it is simply another way of saying the burden of proof
rests entirely upon the State.  This
linkage between the presumption of innocence and the State=s burden of proof
is seen in statutory references, case law, and legal commentaries.  For example, both the Penal Code and Code of
Criminal Procedure state:

All persons are presumed to be innocent and no
person may be convicted of an offense unless each element of the offense is proved
beyond a reasonable doubt.  The fact
that he has been arrested, confined, or indicted for, or otherwise charged
with, the offense gives rise to no inference of guilt at his trial.@








Tex. Pen. Code Ann. ' 2.01 (Vernon
1994); Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon Supp. 2004) (emphasis added).  Likewise, in Rideau v. State, the
court observed that Athe presumption serves as a reminder to the jury of
the state=s burden to prove its case and as a caution that they are to consider nothing but
the evidence in passing upon the accused=s guilt.@ 
751 S.W.2d 248, 250 (Tex. App.CBeaumont 1988, no pet.) (emphasis
added).  Similarly, in Madrid v. State, the
court remarked, AThe so‑called presumption of innocence is not an
inference based on proven fact; rather, it is an assignment of a burden of
proof prior to trial based on the substantive law requiring the State to
prove guilt beyond a reasonable doubt. 
The presumption of innocence enters the courtroom with the
defendant in each case.@  595 S.W.2d 106, 110
(Tex. Crim. App. 1979) (emphasis added). 
Thus, the authorities seem to agree that the presumption of innocence Ais not a presumption at all in the
legal sense; the term presumption of innocence is merely an inaccurate,
shorthand description of the right of the criminal defendant to remain inactive
and secure, until the prosecution has taken up its burden and produced
evidence.@ 
29 Am. Jur. 2d Evidence
' 236 (2004).

Thus, when defense counsel said Amy client is
presumed to be innocent,@ he was saying no more than that the
burden of proof rests entirely upon the State. 
Moreover, that burden remains upon the State throughout the trial until
the jury reaches a verdict.

On the other hand, proof of guilt must be established
progressively during the course of a trial. 
Thus, while the prosecution slowly builds its case through the admission
of testimony and evidence offered at trial, it is simultaneously meeting its burden
and, thus, eroding the presumption of innocence.  Accordingly, when the evidence concludes, and
both sides have rested, individual jurors will, in all probability, have
already reached a conclusion regarding the guilt or innocence of the
defendant.  This is perfectly proper, and
so long as the jurors understand that the burden of proof has never shifted
from the State, they can honestly say that they presume the defendant to be
innocent even while being convinced of his guilt beyond a reasonable doubt.








Accordingly, the Apresumption of innocence@ is a term of art, and jurors are
very likely to unfairly misinterpret the expression to the State=s detriment.  For example, if every juror, by law, had to
believe the defendant is actually innocent prior to reaching a verdict,
then every juror would have to believe the defendant is innocent when voting on
a verdict.  And if every juror believed
the defendant is innocent at the time he or she votes, what must the verdict
inevitably be?  However, the prosecutor
and trial judge were free to explain to the jury that the presumption of
innocence is merely a short-hand expression regarding the State=s evidentiary burden and not a
suggestion or intimation of the defendant=s actual innocence.

As a pure statement of the law, defense counsel=s remarks were entirely correct, and
the trial court erred in sustaining the State=s objection.  The error, however, as the majority ably
concludes, was harmless beyond any reasonable doubt.  With these observations, I respectfully
concur.

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed November 4, 2004.

Panel consists of
Chief Justice Hedges and Justices Hudson and Fowler.

Publish C Tex.
R. App. P. 47.2(b).











[1]  See
Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S.
152, 162 (U.S. 2000); Massey v. State, 226 S.W.2d 856, 860 (1950); McGrew
v. State, 143 S.W.2d 946, 946‑47 (1940).