J. HARVEY HUDSON, Justice,
concurring.
The majority holds that the presumption of innocence persists until a verdict is returned by the jury. There is both state and federal authority to support this position, and I fully join the majority in that holding.[1] The Texas Court of Criminal Appeals has stated, for example, that a defendant “is presumed to be innocent until his guilt is proven. That presumption should exist in the minds of the jury when the case begins and continue until all the evidence is in. He is still presumed to be innocent, in law, until the jury has returned its verdict of guilt.” Runnels v. State, 152 Tex.Crim. 268, 213 S.W.2d 545, 547 (1948) (emphasis added). But while I have no quarrel with the majority’s holding, I write separately to address what seems at first to be a logical fallacy in Runnels, namely, that jurors must consider the defendant to be actually innocent after hearing all the evidence.
Here, the record shows that after both sides had rested, appellant’s counsel informed the jury, “At this point in time, by law, my client is presumed to be innocent.” The State’s attorney immediately objected and argued, “Not after the trial’s over, I wouldn’t think. That’s the presumption before the trial starts.” The trial court sustained the prosecutor’s objection, and we find such ruling was error, albeit harmless.
The prosecutor’s confusion stems from the fact that the presumption of innocence has no correlation with actual innocence. See Zimmerman v. State, 860 S.W.2d 89, 97 (Tex.Crim.App.1993) (holding the presumption of innocence does not carry with it the connotation that a defendant is in fact innocent). In fact, there is nothing about the presumption of innocence that “renders” the defendant innocent. Rideau v. State, 751 S.W.2d 248, 250 (Tex.App.-Beaumont 1988, no pet.) Rather, the presumption of innocence is merely “a ‘shorthand’ substitute for substantive criminal law.” Madrid v. State, 595 S.W.2d 106, 110 (Tex.Crim.App.1979). It is an expression of the State’s burden to prove the defendant’s guilt. In other words, it is simply another way of saying the burden of proof rests entirely upon the State. This linkage between the presumption of innocence and the State’s burden of proof is seen in statutory references, case law, and legal commentaries. For example, both the Penal Code and Code of Criminal Procedure state:
“All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial.”
Tex Pen.Code Ann. § 2.01 (Vernon 1994); TexCode CRiM. PROC. Ann. art. 38.03 (Vernon Supp.2004) (emphasis added). Likewise, in Rideau v. State, the court observed that “the presumption serves as a reminder to the jury of the state’s burden to prove its case and as a caution that they are to consider nothing but the evidence in passing upon the accused’s guilt.” 751 *670 S.W.2d 248, 250 (Tex.App.-Beaumont 1988, no pet.) (emphasis added). Similarly, in Madrid, v. State, the court remarked, “The so-called presumption of innocence is not an inference based on proven fact; rather, it is an assignment of a burden of proof prior to trial based on the substantive law requiring the State to prove guilt beyond a reasonable doubt. The presumption of innocence enters the courtroom with the defendant in each case.” 595 S.W.2d 106, 110 (Tex.Crim.App.1979) (emphasis added). Thus, the authorities seem to agree that the presumption of innocence “is not a presumption at all in the legal sense; the term presumption of innocence is merely an inaccurate, shorthand description of the right of the criminal defendant to remain inactive and secure, until the prosecution has taken up its burden and produced evidence.” 29 Am.Jue.2d Evidence § 236 (2004).
Thus, when defense counsel said “my client is presumed to be innocent,” he was saying no more than that the burden of proof rests entirely upon the State. Moreover, that burden remains upon the State throughout the trial until the jury reaches a verdict.
On the other hand, proof of guilt must be established progressively during the course of a trial. Thus, while the prosecution slowly builds its case through the admission of testimony and evidence offered at trial, it is simultaneously meeting its burden and, thus, eroding the presumption of innocence. Accordingly, when the evidence concludes, and both sides have rested, individual jurors will, in all probability, have already reached a conclusion regarding the guilt or innocence of the defendant. This is perfectly proper, and so long as the jurors understand that the burden of proof has never shifted from the State, they can honestly say that they presume the defendant to be innocent even while being convinced of his guilt beyond a reasonable doubt.
Accordingly, the “presumption of innocence” is a term of art, and jurors are very likely to unfairly misinterpret the expression to the State’s detriment. For example, if every juror, by law, had to believe the defendant is actually innocent prior to reaching a verdict, then every juror would have to believe the defendant is innocent when voting on a verdict. And if every juror believed the defendant is innocent at the time he or she votes, what must the verdict inevitably be? However, the prosecutor and trial judge were free to explain to the jury that the presumption of innocence is merely a short-hand expression regarding the State’s evidentiary burden and not a suggestion or intimation of the defendant’s actual innocence.
As a pure statement of the law, defense counsel’s remarks were entirely correct, and the trial court erred in sustaining the State’s objection. The error, however, as the majority ably concludes, was harmless beyond any reasonable doubt. With these observations, I respectfully concur.

. See Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); Massey v. State, 154 Tex.Crim. 263, 226 S.W.2d 856, 860 (1950); McGrew v. State, 140 Tex.Crim. 77, 143 S.W.2d 946, 946-47 (1940).