JAMES ELLIS MCGREW, *alias* DAN MCGREW V. THE STATE.

No. 21136. Delivered October 16, 1940.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of rape in Jefferson County, and his penalty assessed at fifteen years in the penitentiary.

Several questions are presented on appeal that may be disposed of by the simple conclusion that none of the things testified to by the appellant constituted a defense to the prosecution save and except his denial that his private parts penetrated those of the prosecutrix.

On the other hand the testimony of the prosecuting witness is quite unsatisfactory on the subject from the State's standpoint. Her testimony on the question of penetration was a conclusion on a mixed question of law and fact, but the facts and circumstances testified to by both parties were sufficient upon which the jury might have concluded, as they did, that there was penetration. Appellant had no affirmative defense. All of the things he said could have been true, save and except of penetration, and yet he might have been guilty of everything charged against him.

Three bills of exception, timely taken, complain of the argument of the assistant count attorney in which he referred to the appellant as a "fiend from hell." The trial court sustained an objection when made to this argument the first time and instructed the jury not to consider it. He twice again repeated it, each time with the same objection, ruling and instruction. Under the facts of this case the argument was highly improper and there could be no doubt of its harmful effect. The trial court did all within his power to remove the damage, but it was done.

In all cases the defendant is presumed to be innocent until the jury has concluded his guilt from the facts of the case. This obtains during the argument of counsel with as much force as when he is being arraigned. A careful study of the facts, considered with the State's own testimony, does not reveal a state of facts justifying the denunciation which the assistant county attorney gave. It is true that appellant was a man thirty-four years of age; that the prosecuting witness was known to be much younger. He detailed a state of facts which were extremely reprehensible. It appears that his testimony

itself, even if exactly true, smacks of audacity. On the other hand, the State is not without embarrassment in its testimony. The prosecuting witness admits that she had falsified her age, claiming to be 18—over the age of consent— in order to secure a job "hopping cars" at a beer joint. Appellant first knew her there. He believed, and had a right to believe, that she was 18 years of age. After the regrettable events testified to by both of them they were seen in a car together when he called at the home of a friend. Appellant had his arms around the prosecuting witness and she was smiling, seemingly pleased. This is not denied. She made no outcry and told no one about it until the following day after sleeping through the night. This is concluded from the undisputed facts of the case. At the same time we must know and understand that in a case of this character there will exist a prejudice and a feeling which may be set ablaze by the slightest spark and, when once lighted, will not be controlled by ordinary means. The cautious prosecutor will, and should, be the more alert to choose his words and control his argument in this than in most cases. That which may be harmless in some cases would become extremely inflammatory in others. Had he been prosecuting a crap-shooter he would have made of his argument a joke. Surely in no character of prosecution could it have been more effective more inflammatory, than that here presented. It is the results which this court must consider.

As stated by Judge Davidson in Jupe v. State, 217 S. W. 1041, such conduct, "can serve no legitimate purpose except to jeopardize the state's case on appeal where conviction is obtained." This court has consistently followed that view, and it is difficult to understand why it is so repeatedly resorted to. Argument in the trial of a case is a legitimate part of the trial and should be attended with the same degree of fairness which a lawyer expects and demands from the witness in the box and the jurors in their deliberation.

Because of the improper argument, the case is reversed and remanded for a new trial.