**Charles Percy CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00542–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1988.

Discretionary Review Refused Nov. 9, 1988.

Robert A. Moen, Moen, Cain & O'Brien, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Lynne Parsons, Asst. Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

SAM BASS, Justice.

After the jury found appellant guilty of murder with a deadly weapon, appellant pled true to two enhancement paragraphs, and the jury assessed punishment at life imprisonment.

We affirm.

In his sole point of error, appellant contends that the trial court erred in submitting the parole charge, pursuant to Tex. Code Crim.P.Ann. art. 37.07, sec. 4 (Vernon Supp.1988), during the punishment phase of the trial.

Article 37.07 is unconstitutional. *See Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1987). A majority of the Court of Criminal Appeals has held that article 37.07, sec. 4 is unconstitutional because it violates the separation of powers and due course of law provisions of the Texas Constitution. *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App., 1988) (op. on reh'g). Tex. R.App. P. 81(b)(2) provides the proper standard for review of article 37.07, sec. 4 error. Rule 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

We now endeavor to apply the harm analysis of rule 81(b)(2) to the facts of this case.

The facts of the case included appellant's written confession to a heinous murder where the complainant was tied up, shot, stabbed, and beaten with a hammer. Although appellant attempted to retract his confession at trial, the evidence nonetheless revealed that appellant was driving the complainant's car when he was apprehended a few days after complainant's death and that he attempted to flee from the police. Appellant also admitted being in the complainant's apartment before and after the complainant's death, and failed to call any witnesses to corroborate his alibi defense.

Appellant points to an exchange about the effect of parole law during voir dire as evidence of harm. The following exchange occurred between a juror and the trial judge:

JUROR: Can I ask a question?

MS. DAVIES: Yes, ma'am.

JUROR: In they're given life, do they not usually get out earlier than if they're given 99 years?

MS. DAVIES: I'd ask the Judge to speak to that.

THE COURT: You're going to get a charge basically, and it will tell you that this is something that is neither in the province of the Court to consider or for the jury to consider. The Board of Pardons and Paroles—you will be told what they do and how they do it is of no concern to yourself, because neither I or you have any control over it. So if you start letting that be the controlling factor in your determination, you're going to be in deep trouble. So don't do that. There is no anybody here who knows. They could not ever know what the circumstances are when you sentence somebody to life in the Texas Department of Corrections.

We do not find the exchange to be harmful to appellant; the trial court clearly stated that the operation of the parole law was not to be considered by the jurors.

The jury charge not only contained the article 37.07 instruction, but also included an additional cautionary instruction. This additional instruction cautioned the jurors as follows:

You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the state of Texas, and must not be considered by you.

A similar instruction was termed "curative" in *Rose v. State*, at 531. Additionally, the parole charge was not mentioned by the prosecutor during final argument.

The jury also found two enhancement paragraphs to be true. Appellant's prior criminal record, as reflected in the enhancement paragraphs, included burglary of a habitation and of an automobile. The jury also learned of appellant's conviction for evading arrest.

The presumption that the jury followed the trial judge's instruction to disregard parole, coupled with the heinous facts of this case and appellant's prior criminal record, lead us to the conclusion that the article 37.07, sec. 4 instruction did not affect appellant's sentence. We find beyond a reasonable doubt that the error made no contribution to the punishment assessed.

Appellant's point of error is overruled.

The judgment is affirmed.