Peter Durwin **WILL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00393–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 23, 1990.

Discretionary Review Refused
Oct. 24, 1990.

Lloyd Oliver, Thomas Moran, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Roger Haseman, John Brook, Asst. Harris Co. Dist. Atty., for appellee.

Before SAM BASS, COHEN and STEPHENS *, JJ.

* The Honorable Bill J. Stephens, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## OPINION

STEPHENS, Justice (Retired).

A jury convicted appellant of driving while intoxicated (DWI), enhanced to a felony with two prior misdemeanor driving while intoxicated convictions. The jury assessed punishment at six months confinement and a $1,000 fine.

In his first point of error, appellant contends the trial court erred in instructing the jury that the presumption of innocence is left to the jury.

■ The following exchange took place after the State's evidence and during defense counsel's opening statement:

[Defense counsel]: ... You are not to have an opinion at this point as to whether [appellant] is guilty or not. Up until this point that presumption of innocence has followed [appellant]. He is presumed innocent even at this point. That might be hard for you folks to follow—

[Prosecutor]: That's a misstatement of the law. He was presumed innocent until we started the case.

[Defense counsel]: May I have a ruling from the bench on that issue? At this point after the State rests their case, does the presumption of innocence still follow [appellant]?

THE COURT: The State has the burden of proof. It never shifts to the defendant.

[Prosecutor]: But, there is no presumption of innocence at this point.

THE COURT: *That's up to the jury. They have been presented evidence now.*

[Defense counsel]: The State has the burden of going forward and proving [appellant] is guilty. That presumption of innocence follows throughout the trial when you hear the evidence. When you hear all of the evidence then you make up your mind as to whether [appellant], this citizen, is guilty or not. At this

point in time he is as innocent as you and I. You have only heard one side of the coin, the first five chapters of the book. You have not heard the last. I submit to you [appellant] is innocent.

(Emphasis added.)

Appellant argues that the trial court's statement emphasized above was an incorrect instruction to the jury. To support this proposition, appellant cites two cases: *Massey v. State*, 154 Tex.Crim. 263, 226 S.W.2d 856, 860 (1950) (the presumption of innocence follows the defendant throughout the trial of every criminal case); *McGrew v. State*, 140 Tex.Crim. 77, 143 S.W.2d 946, 946–47 (1940) (a defendant is presumed innocent until the jury has concluded the defendant's guilt from the facts of the case, and the presumption of innocence applies with as much force during counsel's arguments as arraignment).

The State maintains that appellant waived any error by not objecting to the court's comment. *See Hart v. State*, 447 S.W.2d 944, 952 (Tex.Crim.App.1969) (where an appellant complains that trial court's conduct demonstrated a complete disregard for the presumption of innocence, if no objection is made, the court's remarks cannot be challenged on appeal unless they are fundamentally erroneous). We hold that appellant waived error by failing to object. In the interest of justice, we will consider whether the trial court's remark is fundamentally erroneous.

The State argues that, considering that the jury had just heard the State's entire case, the trial court merely told the jurors that the issue of guilt or innocence was their decision. The presumption of innocence means "an assumption which prevails as the judgment of the law until the contrary is proven." *Cloud v. State*, 150 Tex. Crim. 458, 202 S.W.2d 846, 848 (1947) (op. on reh'g).

■ A judicial comment on the evidence constitutes reversible error only

where the comment is reasonably calculated to benefit the State or prejudice appellant's rights. *Davis v. State,* 651 S.W.2d 787, 789 (Tex.Crim.App.1983). Absent a special exception to the charge, failure to give an instruction on the presumption of innocence is not reversible error if the charge correctly places the burden of proof upon the State. *Green v. State,* 144 Tex. Crim. 186, 161 S.W.2d 114, 116 (1942). Absent evidence to the contrary, there is a presumption that the jury followed the instructions given by the trial court in its charge. *Crawford v. State,* 755 S.W.2d 554, 556 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

■ Appellant concedes the court's written charge to the jury contained a correct instruction, but maintains that the charge failed to cure the error. The jury was charged as follows:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. In case you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him.

Appellant asserts that the Court of Criminal Appeals found harm under a similar fact situation where the prosecutor and trial judge gave an incorrect definition of "intoxicated" as it applied to involuntary manslaughter, but deleted the intoxication paragraph in the charge. *Lopez v. State,* 779 S.W.2d 411 (Tex.Crim.App.1989). However, in *Lopez,* the court had before it affidavits of two jurors who said they were influenced by the incorrect definition. *Id.* at 416–17. Appellant also cites *Griffin v. State,* 779 S.W.2d 431 (Tex.Crim.App.1989), where the Court of Criminal Appeals held that the trial court, if it erred in sustaining a prosecutor's objection, put its "imprimatur of authority" behind an incorrect state-

ment of the law to the jury that was not cured by the charge. However, the court indicated that a more specific jury charge relating to the prior incorrect statement may have cured the error. *Id.* at 434. Also, in *Griffin,* the incorrect statement of the law was a comment on the offense itself. *Id.* at 433.

In the present case, appellant concedes that the court's charge properly instructed the jury on the presumption of innocence, and appellant presents no evidence that the jury was misled. Thus, the presumption that the jury followed the charge applies, and error, if any, is harmless. Tex.R. App.P. 81(b)(2).

■ We conclude that the proper rule of law is that an accused is presumed innocent until all of the evidence is presented and the jury has retired to the jury room to deliberate. Upon deliberation, the jury must believe that the evidence presented at trial has shown beyond a reasonable doubt that the accused is guilty of the crime charged to overcome the presumption of innocence.

Point of error number one is overruled.

In his second point of error, appellant contends the trial court committed fundamental error by including issues on appellant's prior driving while intoxicated convictions in the jury charge on guilt/innocence. Appellant also complains that the State referred to appellant's prior DWI convictions during the State's closing arguments at the guilt/innocence stage. Appellant made no objection to the argument or to the charge.

■ Generally, any impropriety in the prosecutor's argument is waived by a defendant's failure to make a proper and timely objection. *Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). Failure to object generally waives the error unless the statement is so prejudicial that no instruction could have cured the harm. *Green v. State,* 682 S.W.2d 271, 295 (Tex.Crim.App.

1984), *cert. denied*, 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985). Similarly, non-preserved error in the court's charge requires a higher level of harm to merit reversal. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App.1987).

■ Appellant was convicted pursuant to Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1 (Vernon Supp.1990), which provides in part:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

. . . .

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

(f) If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500.

The State relies on a Texarkana Court of Appeals opinion where the court held that, while the punishment provisions of the DWI statute are enhancement provisions in a broad sense, subsection (e) provides a special enhancement that elevates the offense from a misdemeanor to a felony, and as such, defines the offense. Therefore,

evidence of prior DWI convictions is properly a part of the proof at the guilt/innocence stage. *Addington v. State*, 730 S.W.2d 788, 789–90 (Tex.App.—Texarkana 1987, pet. ref'd). The Dallas Court of Appeals agreed that a prior misdemeanor DWI conviction is an essential element of felony DWI, and the DWI statute allows the State to show during the trial of the primary offense that the two prior convictions occurred. *Freeman v. State*, 733 S.W.2d 662, 663–64 (Tex.App.—Dallas 1987, pet. ref'd).

However, the Court of Criminal Appeals more recently handed down *Wilson v. State*, 772 S.W.2d 118 (Tex.Crim.App.1989). In *Wilson*, the court held that driving while intoxicated (article 6701*l*-1(b)) is not a lesser included offense of driving while intoxicated resulting in serious bodily injury to another (article 6701*l*-1(f)), and thus the allegation of serious bodily injury is an enhancement provision, proof of which is to be reserved for the punishment phase of a DWI trial. *Id.* at 120. The court relies on the analysis and reasoning in *Bucek v. State*, 724 S.W.2d 129 (Tex.App.—Fort Worth 1987, no pet.), that, in the DWI statute as in the Penal Code, a separate offense begins with "[a] person commits an offense if," whereas an extraordinary punishment or enhancement provision begins with "[i]f it be shown on the trial of." *Wilson*, 772 S.W.2d at 122. This analysis would lead to the conclusion that felony DWI (subsection (e)) would be the type of enhancement provision that can be proved only at the punishment stage. However, the court bolsters its conclusion that subsection (f) is an extraordinary punishment provision by recognizing that subsection (f) contains the language "of a person punished for an offense under Subsection (c), (d), or (e)," clearly denoting that before subsection (f) is to be invoked, a defendant must be convicted of DWI. *Id.* at 123. Therefore, subsection (f) is different from subsection (e) in that subsection (f) is an extraordinary punishment provision that may attach under certain circumstances after an offense has been proven under sub-

section (e). Thus, *Wilson* may be reconciled with *Addington* and *Freeman,* and the law remains that prior misdemeanor DWI's are part of the proof at the guilt/innocence stage for felony DWI.

Thus, the trial court did not err in allowing proof of the prior DWI offenses, and including the prior offenses in the charge, at the guilt/innocence stage.

Point of error number two is overruled.

The judgment of the trial court is affirmed.