**Benjamin Leon BLUE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00771–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 2001.

Randolph Earl Roll, Kristine C. Woldy, Houston, for Appellant.

Alan Curry, Assistant District Attorney, Houston, for the State.

Panel consists of Justices MIRABAL, NUCHIA, and RADACK.

## OPINION ON REMAND FROM THE COURT OF CRIMINAL APPEALS

MARGARET GARNER MIRABAL, Justice.

A jury found appellant, Benjamin Leon Blue, guilty of aggravated assault on a public servant. The jury assessed punishment at confinement for 10 years and a fine of $3,000. In the original appeal, we affirmed. *Blue v. State*, 983 S.W.2d 811 (Tex.App.-Houston [1st Dist.] 1998) (en banc), *rev'd*, 41 S.W.3d 129 (Tex.Crim.App. 2000).

The Court of Criminal Appeals granted appellant's petition for discretionary review solely to determine whether we erred in holding that, by his failure to object, appellant failed to preserve his complaints about the trial judge's comments to members of the venire at the beginning of the jury selection process. *Blue*, 41 S.W.3d at 129–30. The Court of Criminal Appeals reversed our judgment and remanded the case to us, presumably for a harm analysis. *Id.* at 133. In a four-judge opinion (two judges having concurred in the judgment only, and three judges having dissented), the court stated as follows:

> The comments of the trial judge, which tainted appellant's presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection.

*Id.* at 132.[1]

## Harm Analysis

Rule 44.2(a) of the Texas Rules of Appellate Procedure states as follows:

**44.2 Reversible Error in Criminal cases**

(a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Tex.R.App. P. 44.2(a). In the present case, the trial judge told the members of the venire, prior to the start of voir dire, that the delay in beginning trial was due to appellant's negotiations with the prosecutor in an attempt to reach a plea bargain. Further, during voir dire, the trial judge indicated to the venire that, in deciding whether to have a defendant take the stand to testify, defense counsel may decide to put his client on the stand even if he is guilty.[2]

Appellant took the stand in the present case and gave testimony that directly contradicted the testimony of the State's witnesses. The main issue in this case was whether appellant knew the person he assaulted was a police officer at the time of the assault. Appellant testified that he did not know he was scuffling with a police officer. If the jury had believed appellant, it would have acquitted him.

The trial judge's comments imparted information to the venire that tainted the presumption of innocence, adversely affecting appellant's right to a fair trial. *See Blue,* 41 S.W.3d. at 132. We cannot say beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction.

Accordingly, we reverse the conviction and remand the case to the trial court.

---

1. A fifth judge also agreed the trial judge's comments violated appellant's constitutional rights. *Blue v. State,* 41 S.W.3d 129, 138 (Tex.Crim.App.2000) (Keasler, J., concurring in the judgment only). Thus, a five-judge majority concluded constitutional error occurred.

2. The full text of the trial judge's comments appears at *Blue,* 41 S.W.3d at 130.