Affirmed; Majority and Concurring Opinions filed November 4, 2004









Affirmed;  Majority and Concurring Opinions filed
November 4, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00958-CR

____________

 

OPAL KATE MILES
A/K/A KATE O. MILES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd
District Court    

Harris County, Texas

Trial Court Cause No. 913,682

 



 

M A J O R I T Y   O P I N I O N

Appellant Opal Kate Miles, a/k/a Kate O.
Miles, brings this appeal from her conviction of aggravated theft of between
$20,000 and $100,000.  The jury found
appellant guilty, sentencing her to nine years in prison and ordering her to
pay a fine of $2,500.  The sole issue in
this case is whether the trial court erred by sustaining an objection that
resulted in the deprivation of her presumption of innocence.  We affirm. 


 

 








Background

From 1997 until the year 2000, appellant
worked as the ‘Foundation Accountant’ for the Hope Foundation for Retarded
Children, a non-profit organization located in Friendswood, Texas.  The Hope Foundation, founded in 1967, serves
as a private, lower-cost alternative to high-priced or state institutions.  In the indictment, the grand jury alleged
that appellant, over a period of almost two years, stole an amount between
$20,000 and $100,000.  At the trial on
the merits, the State presented evidence that appellant abused her position of
trust with the Foundation by, among other things, writing herself checks that
were not actual reimbursements, as appellant claimed.  During appellant’s closing argument, the
following exchange took place:

Appellant:     One thing I do want to remind you of at
this time is that there is a presumption of innocence throughout the
trial.  At this point in time, by law, my
client is presumed to be innocent.  And
that – 

The State:    Judge, I’m going to object to that.  Not after the trial’s over, I wouldn’t
think.  That’s the presumption before the
trial starts.  

The Court:    Sustained.

Appellant:     Well, this jury has not rendered its
verdict.  And until you render verdict,
that presumption of innocence, I render to you, is in effect.

The State:    I
object to that as not a proper statement of the law.

The Court:    Sustained.  Let’s move on.

It is this exchange that serves as the basis of
appellant’s only point of error.

Discussion

Appellant argues
that the court committed reversible constitutional error by sustaining the
State’s objection, thus depriving her of her right to be presumed innocent
until proven guilty.  








All criminal defendants are presumed
innocent until proven guilty beyond a reasonable doubt.  Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004).  This presumption lasts through the closing
arguments, continuing until the jury retires to the jury room for its
deliberation.  Massey v. State,
226 S.W.2d 856, 860 (Tex. Crim. App. 1950); McGrew v. State, 143 S.W.2d
946, 946-47 (Tex. Crim. App. 1940).

A harm analysis is proper when a trial court
commits error.  Hawkins v. State,
135 S.W.3d 72, 76 (Tex. Crim. App. 2004). 
A trial court commits error when it makes a mistake or violates a rule
or statute.  Id.  The appellate court should examine the origin
of the rule or statute violated to determine whether the error is
constitutional in nature; if it is, Rule 44.2(a) of the Texas Rules of
Appellate Procedure applies.  Carranza
v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); Gray v. State,
133 S.W.3d 281, 284-85 (Tex. App.—Corpus Christi 2004, no pet. h.).  Rule 44.2(a) requires reversal in cases in
which constitutional error is committed “unless the court determines beyond a
reasonable doubt that the error did not contribute to the conviction or
punishment.”  Tex. R. App. P. 44.2(a).

In this case, the trial court committed
error when it sustained the State’s objection regarding the presumption of
innocence.  According to the precedent
laid out in McGrew and later followed by Massey, the presumption
of innocence does not end when the presentation of evidence closes; instead,
the presumption remains until the jury enters the jury room to deliberate.  Massey, 226 S.W.2d at 860; McGrew,
143 S.W.2d at 947.








We must evaluate whether the court, in
sustaining the objection, committed constitutional error.  Even though the presumption of innocence is
guaranteed by a Texas statute, the statute itself arises from a constitutional
guarantee, that of a fair and impartial trial. 
See U.S. Const.
amend. XIV; Tex. Code Crim. Proc. Ann.
art. 38.03 (Vernon 2004); Estelle v. Williams, 425 U.S. 501, 503 (1976)
(“[t]he presumption of innocence, although not articulated in the Constitution,
is a basic component of a fair trial under our system of criminal justice”); see
also Oliver v. State, 999 S.W.2d 596, 599 n.3 (Tex. App.—Houston [14th
Dist.] 1999, pet. ref’d).  By twice
allowing the jury to hear an incorrect statement of the law, i.e., that the
presumption of innocence does not exist past the close of the presentation of
evidence, the court violated a rule stemming from a constitutional right and
thus committed constitutional error.

Under Rule 44.2(a), we must determine
whether, beyond a reasonable doubt, the error contributed to the appellant’s
conviction.  In Will v. State, the
trial court made an incorrect statement to the jury regarding the presumption
of innocence after the close of the State’s case and during the defense
counsel’s opening statement.  794 S.W.2d
948, 950 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).  The First Court of Appeals held that any
error was either waived by failure to object or, in the alternative, cured by
the charge to the jury, which stated that “‘[a]ll persons are presumed to be
innocent and no person may be convicted of an offense unless each element of
the offense is proved beyond a reasonable doubt.’”  Id. at 951. 








Citing Will, the State
submits that appellant waived any error by failing to object.  Id. 
However, in Blue v. State, the First Court of Appeals determined
that constitutional error had been committed when the judge “imparted
information to the venire that tainted the presumption of innocence, adversely
affecting appellant’s right to a fair trial.” 
64 S.W.3d 672, 673 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d).  The First Court had originally
affirmed the trial court in an en banc opinion, citing the defendant’s failure
to object to the statements as waiver of error. 
Blue v. State, 983 S.W.2d 811 (Tex. App.—Houston [1st Dist.]
1998) (en banc), rev’d, 41 S.W.3d 129 (Tex. Crim. App. 2000).  The Court of Criminal Appeals then reversed
the First Court, ruling that the failure to object did not amount to a waiver
of error since the trial judge’s comments were “fundamental error of
Constitutional dimension” and thus required no objection.  Blue v. State, 41 S.W.3d at 132-33
(Tex. Crim. App. 2000) (en banc).  On
remand, applying Rule 44.2, the First Court found that it could not say beyond
a reasonable doubt that the error of the trial court had not contributed to the
conviction.  64 S.W.3d at 673.  Here, the mere sustaining of the State’s
objections by the trial court did not approach the extensive and egregious
comments made by the trial court in the Blue cases.[1]

At trial, the State presented testimony
by, among others, an independent auditor of the Foundation’s accounts, Kathy
Smith.  Smith testified that appellant
kept the accounts in such a way that documents or records such as payroll
reports, deposit information, or petty cash information were inexplicably
deleted, missing, or altered. 
Furthermore, the auditor testified that appellant, as bookkeeper,
mingled funds in various accounts and failed to maintain proper internal
controls designed to insure safety and to prevent fraud.  The auditor also found irregularities in the
way appellant reimbursed herself for supposed grocery purchases or deducted (or
failed to deduct) her social security, health insurance, and payroll
taxes.  Smith estimated that appellant
had misappropriated between fifty-five and sixty thousand dollars.

 

 

 








Before closing arguments began, the trial
court charged the jury.  Included in the
jury charge was the following:

All persons are
presumed to be innocent and no person may be convicted of an offense unless
each element of the offense is proved beyond a reasonable doubt.  The fact that she has been arrested,
confined, or indicted for, or otherwise charged with the offense gives rise to
no inference of guilt at her trial.  The
law does not require a defendant to prove her innocence or produce any evidence
at all.  The presumption of innocence alone
is sufficient to acquit the defendant, unless the jurors are satisfied beyond a
reasonable doubt of the defendant’s guilt after careful  and impartial consideration of all the
evidence in the case.   

Although Will is not controlling,[2]
we do find it instructive.  794 S.W.2d at
950.  Any harm from the court’s error
with regard to the presumption of innocence would have been lessened, if not
altogether erased, both by the charge and by the presumption that the jury
followed the instructions in the jury charge.  See Resendiz v. State, 112 S.W.3d 541, 546
(Tex. Crim. App. 2003); Colburn v. State, 966 S.W.2d 511, 520 (Tex.Crim
.App.1998).  Furthermore, although by law
the presumption of innocence carries into the jury room, it is continually
rebutted and eroded throughout the trial by the presentation of contrary
evidence by the State.  While jurors must
be impartial deliberators, that requirement does not necessarily mean that they
will enter the jury room without some sense or opinion of the defendant’s guilt
or innocence.  As Justice Frankfurter
pointed out, and as noted by Justice Hudson in Oliver, we “should not be
ignorant as judges of what we know as men.” 
Watts v. Indiana, 388 U.S. 49, 52 (1949); Oliver, 999
S.W.2d at 599.








Taking into account both the evidence presented against
the appellant and the fact that the jury had already been charged as to the
presumption of innocence, we can say beyond a reasonable doubt that the error
committed by the trial court did not contribute to the appellant’s conviction.  We therefore affirm the judgment of the trial
court.

 

 

 

 

/s/      Adele
Hedges

Chief
Justice

 

 

 

 

Judgment
rendered and Majority and Concurring Opinions filed November 4, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Hudson. (Hudson, J. Concurring)  

 

Publish
— Tex. R. App. P. 47.2(b).











[1]  Among the
trial judge’s comments concerning the defendant’s decision not to testify were
the following: 

 

Because there are many
reasons why defendants do not testify and I have seen many that have nothing to
do with their guilt or innocence....

It’s
like I tell all the juries and I get Sister Teresa and I represent her for mass
murder.          And
she is guilty as driven snow and the jury doesn't know that but the defendant's
attorney knows it because she admitted it privately.  What am I going to do;  I am going to put Sister Teresa on the stand
because nobody thinks she would tell a lie. 
She looks like she would be a very honest person and I can put her on
the stand.  I could have a defendant as
innocent as can be and looks guilty and I wouldn't put her on the stand.  

 

Blue v. State,
41 S.W.3d at 130.

 

The judge
also told the jury that, “in the judge’s opinion, very few defendants, over a
forty-year period, had been found not guilty.” 
Id. at 134 (Mansfield, J., concurring).

 





[2]  The language
in Will regarding the presumption of innocence is dicta.  Furthermore, Will was decided before the legislature
rewrote old Rule 81 to create new Rule 44.2, incorporating the
constitutional/non-constitutional harm analysis and thus mirroring Federal Rule
of Criminal Procedure 52(a).  See
Andrew Murr, Comment, Texas Attempts to See the Light Through its Own
Muddied Jurisprudential Waters: the Difficulties in Choosing the Applicability
of Constitutional Versus Non-Constitutional Reversible Error, 34 Tex. Tech
L. Rev. 297 (2003).