154 S.W.3d 679 (2005)
Opal Kate MILES a/k/a Kate O. Miles, Appellant,
v.
The STATE of Texas, Appellee.
No. 14-03-00958-CR.
Court of Appeals of Texas, Houston (14th Dist.).
November 4, 2004.
Rehearing Overruled January 13, 2005.
Timothy A. Hootman, Houston, for appellant.
Shirley Cornelius, Houston, for appellee.
Panel consists of Chief Justice HEDGES and Justices FOWLER and HUDSON.

OPINION
ADELE HEDGES, Chief Justice.
Appellant Opal Kate Miles, a/k/a Kate O. Miles, brings this appeal from her conviction of aggravated theft of between $20,000 and $100,000. The jury found appellant *680 guilty, sentencing her to nine years in prison and ordering her to pay a fine of $2,500. The sole issue in this case is whether the trial court erred by sustaining an objection that resulted in the deprivation of her presumption of innocence. We affirm.

Background
From 1997 until the year 2000, appellant worked as the `Foundation Accountant' for the Hope Foundation for Retarded Children, a non-profit organization located in Friendswood, Texas. The Hope Foundation, founded in 1967, serves as a private, lower-cost alternative to high-priced or state institutions. In the indictment, the grand jury alleged that appellant, over a period of almost two years, stole an amount between $20,000 and $100,000. At the trial on the merits, the State presented evidence that appellant abused her position of trust with the Foundation by, among other things, writing herself checks that were not actual reimbursements, as appellant claimed. During appellant's closing argument, the following exchange took place:
Appellant: One thing I do want to remind you of at this time is that there is a presumption of innocence throughout the trial. At this point in time, by law, my client is presumed to be innocent. And that 
The State: Judge, I'm going to object to that. Not after the trial's over, I wouldn't think. That's the presumption before the trial starts.
The Court: Sustained.
Appellant: Well, this jury has not rendered its verdict. And until you render verdict, that presumption of innocence, I render to you, is in effect.
The State: I object to that as not a proper statement of the law.
The Court: Sustained. Let's move on.
It is this exchange that serves as the basis of appellant's only point of error.

Discussion
Appellant argues that the court committed reversible constitutional error by sustaining the State's objection, thus depriving her of her right to be presumed innocent until proven guilty.
All criminal defendants are presumed innocent until proven guilty beyond a reasonable doubt. Tex.Code Crim. Proc. Ann. art. 38.03 (Vernon Supp.2004). This presumption lasts through the closing arguments, continuing until the jury retires to the jury room for its deliberation. Massey v. State, 154 Tex.Crim. 263, 226 S.W.2d 856, 860 (1950); McGrew v. State, 140 Tex.Crim. 77, 143 S.W.2d 946, 946-47 (1940).
A harm analysis is proper when a trial court commits error. Hawkins v. State, 135 S.W.3d 72, 76 (Tex.Crim.App.2004). A trial court commits error when it makes a mistake or violates a rule or statute. Id. The appellate court should examine the origin of the rule or statute violated to determine whether the error is constitutional in nature; if it is, Rule 44.2(a) of the Texas Rules of Appellate Procedure applies. Carranza v. State, 980 S.W.2d 653, 656 (Tex.Crim.App.1998); Gray v. State, 133 S.W.3d 281, 284-85 (Tex.App.-Corpus Christi 2004, no pet. h.). Rule 44.2(a) requires reversal in cases in which constitutional error is committed "unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App. P. 44.2(a).
In this case, the trial court committed error when it sustained the State's objection regarding the presumption of innocence. According to the precedent laid out in McGrew and later followed by Massey, the presumption of innocence does not end when the presentation of evidence closes; *681 instead, the presumption remains until the jury enters the jury room to deliberate. Massey, 226 S.W.2d at 860; McGrew, 143 S.W.2d at 947.
We must evaluate whether the court, in sustaining the objection, committed constitutional error. Even though the presumption of innocence is guaranteed by a Texas statute, the statute itself arises from a constitutional guarantee, that of a fair and impartial trial. See U.S. CONST. amend. XIV; TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon 2004); Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) ("[t]he presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice"); see also Oliver v. State, 999 S.W.2d 596, 599 n. 3 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). By twice allowing the jury to hear an incorrect statement of the law, i.e., that the presumption of innocence does not exist past the close of the presentation of evidence, the court violated a rule stemming from a constitutional right and thus committed constitutional error.
Under Rule 44.2(a), we must determine whether, beyond a reasonable doubt, the error contributed to the appellant's conviction. In Will v. State, the trial court made an incorrect statement to the jury regarding the presumption of innocence after the close of the State's case and during the defense counsel's opening statement. 794 S.W.2d 948, 950 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd). The First Court of Appeals held that any error was either waived by failure to object or, in the alternative, cured by the charge to the jury, which stated that "`[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.'" Id. at 951.
Citing Will, the State submits that appellant waived any error by failing to object. Id. However, in Blue v. State, the First Court of Appeals determined that constitutional error had been committed when the judge "imparted information to the venire that tainted the presumption of innocence, adversely affecting appellant's right to a fair trial." 64 S.W.3d 672, 673 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). The First Court had originally affirmed the trial court in an en banc opinion, citing the defendant's failure to object to the statements as waiver of error. Blue v. State, 983 S.W.2d 811 (Tex.App.-Houston [1st Dist.] 1998) (en banc), rev'd, 41 S.W.3d 129 (Tex.Crim.App.2000). The Court of Criminal Appeals then reversed the First Court, ruling that the failure to object did not amount to a waiver of error since the trial judge's comments were "fundamental error of Constitutional dimension" and thus required no objection. Blue v. State, 41 S.W.3d at 132-33 (Tex.Crim.App.2000) (en banc). On remand, applying Rule 44.2, the First Court found that it could not say beyond a reasonable doubt that the error of the trial court had not contributed to the conviction. 64 S.W.3d at 673. Here, the mere sustaining of the State's objections by the trial court did not approach the extensive and egregious comments made by the trial court in the Blue cases.[1]
*682 At trial, the State presented testimony by, among others, an independent auditor of the Foundation's accounts, Kathy Smith. Smith testified that appellant kept the accounts in such a way that documents or records such as payroll reports, deposit information, or petty cash information were inexplicably deleted, missing, or altered. Furthermore, the auditor testified that appellant, as bookkeeper, mingled funds in various accounts and failed to maintain proper internal controls designed to insure safety and to prevent fraud. The auditor also found irregularities in the way appellant reimbursed herself for supposed grocery purchases or deducted (or failed to deduct) her social security, health insurance, and payroll taxes. Smith estimated that appellant had misappropriated between fifty-five and sixty thousand dollars.
Before closing arguments began, the trial court charged the jury. Included in the jury charge was the following:
All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that she has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at her trial. The law does not require a defendant to prove her innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
Although Will is not controlling,[2] we do find it instructive. 794 S.W.2d at 950. Any harm from the court's error with regard to the presumption of innocence would have been lessened, if not altogether erased, both by the charge and by the presumption that the jury followed the instructions in the jury charge. See Resendiz v. State, 112 S.W.3d 541, 546 (Tex.Crim.App.2003); Colburn v. State, 966 S.W.2d 511, 520 (Tex.Crim.App.1998). Furthermore, although by law the presumption of innocence carries into the jury room, it is continually rebutted and eroded throughout the trial by the presentation of contrary evidence by the State. While jurors must be impartial deliberators, that requirement does not necessarily mean that they will enter the jury room without some sense or opinion of the defendant's guilt or innocence. As Justice Frankfurter pointed out, and as noted by Justice Hudson in Oliver, we "should not be ignorant as judges of what we know as men." Watts v. Indiana, 338 U.S. 49, 52, 69 S.Ct. 1357, 93 L.Ed. 1801 (1949); Oliver, 999 S.W.2d at 599.
Taking into account both the evidence presented against the appellant and the fact that the jury had already been charged as to the presumption of innocence, *683 we can say beyond a reasonable doubt that the error committed by the trial court did not contribute to the appellant's conviction. We therefore affirm the judgment of the trial court.
HUDSON, J., concurring.
J. HARVEY HUDSON, Justice, concurring.
The majority holds that the presumption of innocence persists until a verdict is returned by the jury. There is both state and federal authority to support this position, and I fully join the majority in that holding.[1] The Texas Court of Criminal Appeals has stated, for example, that a defendant "is presumed to be innocent until his guilt is proven. That presumption should exist in the minds of the jury when the case begins and continue until all the evidence is in. He is still presumed to be innocent, in law, until the jury has returned its verdict of guilt." Runnels v. State, 152 Tex.Crim. 268, 213 S.W.2d 545, 547 (1948) (emphasis added). But while I have no quarrel with the majority's holding, I write separately to address what seems at first to be a logical fallacy in Runnels, namely, that jurors must consider the defendant to be actually innocent after hearing all the evidence.
Here, the record shows that after both sides had rested, appellant's counsel informed the jury, "At this point in time, by law, my client is presumed to be innocent." The State's attorney immediately objected and argued, "Not after the trial's over, I wouldn't think. That's the presumption before the trial starts." The trial court sustained the prosecutor's objection, and we find such ruling was error, albeit harmless.
The prosecutor's confusion stems from the fact that the presumption of innocence has no correlation with actual innocence. See Zimmerman v. State, 860 S.W.2d 89, 97 (Tex.Crim.App.1993) (holding the presumption of innocence does not carry with it the connotation that a defendant is in fact innocent). In fact, there is nothing about the presumption of innocence that "renders" the defendant innocent. Rideau v. State, 751 S.W.2d 248, 250 (Tex.App.-Beaumont 1988, no pet.) Rather, the presumption of innocence is merely "a `short-hand' substitute for substantive criminal law." Madrid v. State, 595 S.W.2d 106, 110 (Tex.Crim.App.1979). It is an expression of the State's burden to prove the defendant's guilt. In other words, it is simply another way of saying the burden of proof rests entirely upon the State. This linkage between the presumption of innocence and the State's burden of proof is seen in statutory references, case law, and legal commentaries. For example, both the Penal Code and Code of Criminal Procedure state:
"All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."
TEX. PEN.CODE ANN. § 2.01 (Vernon 1994); TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp.2004) (emphasis added). Likewise, in Rideau v. State, the court observed that "the presumption serves as a reminder to the jury of the state's burden to prove its case and as a caution that they are to consider nothing but the evidence in passing upon the accused's guilt." 751 *684 S.W.2d 248, 250 (Tex.App.-Beaumont 1988, no pet.) (emphasis added). Similarly, in Madrid v. State, the court remarked, "The so-called presumption of innocence is not an inference based on proven fact; rather, it is an assignment of a burden of proof prior to trial based on the substantive law requiring the State to prove guilt beyond a reasonable doubt. The presumption of innocence enters the courtroom with the defendant in each case." 595 S.W.2d 106, 110 (Tex.Crim.App.1979) (emphasis added). Thus, the authorities seem to agree that the presumption of innocence "is not a presumption at all in the legal sense; the term presumption of innocence is merely an inaccurate, shorthand description of the right of the criminal defendant to remain inactive and secure, until the prosecution has taken up its burden and produced evidence." 29 AM.JUR.2d Evidence § 236 (2004).
Thus, when defense counsel said "my client is presumed to be innocent," he was saying no more than that the burden of proof rests entirely upon the State. Moreover, that burden remains upon the State throughout the trial until the jury reaches a verdict.
On the other hand, proof of guilt must be established progressively during the course of a trial. Thus, while the prosecution slowly builds its case through the admission of testimony and evidence offered at trial, it is simultaneously meeting its burden and, thus, eroding the presumption of innocence. Accordingly, when the evidence concludes, and both sides have rested, individual jurors will, in all probability, have already reached a conclusion regarding the guilt or innocence of the defendant. This is perfectly proper, and so long as the jurors understand that the burden of proof has never shifted from the State, they can honestly say that they presume the defendant to be innocent even while being convinced of his guilt beyond a reasonable doubt.
Accordingly, the "presumption of innocence" is a term of art, and jurors are very likely to unfairly misinterpret the expression to the State's detriment. For example, if every juror, by law, had to believe the defendant is actually innocent prior to reaching a verdict, then every juror would have to believe the defendant is innocent when voting on a verdict. And if every juror believed the defendant is innocent at the time he or she votes, what must the verdict inevitably be? However, the prosecutor and trial judge were free to explain to the jury that the presumption of innocence is merely a short-hand expression regarding the State's evidentiary burden and not a suggestion or intimation of the defendant's actual innocence.
As a pure statement of the law, defense counsel's remarks were entirely correct, and the trial court erred in sustaining the State's objection. The error, however, as the majority ably concludes, was harmless beyond any reasonable doubt. With these observations, I respectfully concur.
NOTES
[1] Among the trial judge's comments concerning the defendant's decision not to testify were the following:

Because there are many reasons why defendants do not testify and I have seen many that have nothing to do with their guilt or innocence....
It's like I tell all the juries and I get Sister Teresa and I represent her for mass murder. And she is guilty as driven snow and the jury doesn't know that but the defendant's attorney knows it because she admitted it privately. What am I going to do; I am going to put Sister Teresa on the stand because nobody thinks she would tell a lie. She looks like she would be a very honest person and I can put her on the stand. I could have a defendant as innocent as can be and looks guilty and I wouldn't put her on the stand.
Blue v. State, 41 S.W.3d at 130.
The judge also told the jury that, "in the judge's opinion, very few defendants, over a forty-year period, had been found not guilty." Id. at 134 (Mansfield, J., concurring).
[2] The language in Will regarding the presumption of innocence is dicta. Furthermore, Will was decided before the legislature rewrote old Rule 81 to create new Rule 44.2, incorporating the constitutional/non-constitutional harm analysis and thus mirroring Federal Rule of Criminal Procedure 52(a). See Andrew Murr, Comment, Texas Attempts to See the Light Through its Own Muddied Jurisprudential Waters: the Difficulties in Choosing the Applicability of Constitutional Versus Non-Constitutional Reversible Error, 34 Tex. Tech L.Rev. 297 (2003).
[1] See Martinez v. Court of Appeal of California, Fourth Appellate Dist., 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); Massey v. State, 154 Tex.Crim. 263, 226 S.W.2d 856, 860 (1950); McGrew v. State, 140 Tex.Crim. 77, 143 S.W.2d 946, 946-47 (1940).