Opinion issued June 5, 2008












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00321-CR






PETER R. WOOD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law

Washington County, Texas

Trial Court Cause No. 05-554






OPINION ON PETITION FOR DISCRETIONARY REVIEW

 Appellant, Peter R. Wood, has filed a petition of discretionary review. 
Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our April 8, 2008
opinion and judgment and substitute this modified opinion and judgment.

 Appellant was convicted by a jury of operating a motor vehicle in a public
place while intoxicated (driving while intoxicated), enhanced by a prior conviction
for the same offense. Tex. Penal Code Ann. § 49.04 (Vernon 2003), § 49.09(a)
(Vernon Supp. 2007). The jury assessed punishment at six months in jail and a
$4,000.00 fine, which is a misdemeanor. The county court at law suspended
appellant's sentence and placed him on community supervision for 24 months,
including 30 days confinement in jail.

 Appellant was initially pulled over for speeding. The police officer testified
that he saw appellant stagger to the rear of appellant's vehicle and that appellant
smelled of alcohol. The office conducted field sobriety tests and concluded that
appellant was "highly intoxicated." Appellant refused a breath test and admitted to
consuming two beers. The encounter between appellant and the officer was
videotaped and shown to the jury during the guilt-innocence phase of trial.

 Appellant does not challenge the facts related to the offense. Instead, in his
sole point of error he contends his trial counsel rendered ineffective assistance by
allowing the State to introduce evidence of appellant's prior
driving-while-intoxicated offense during the guilt-innocence phase. (1) See Tex. Code
Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007) ("When prior convictions are
alleged for purposes of enhancement only and are not jurisdictional, that portion of
the indictment or information reciting such convictions shall not be read until the
hearing on punishment is held as provided in Article 37.07."); see also Wilson v.
State, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989) (holding that former Revised
Statutes article 6701l-1(f) (2) does not create separate offense for driving while
intoxicated and causing serious bodily injury: offense is for driving while intoxicated,
and punishment for that offense is enhanced because defendant caused serious bodily
injury); Will v. State, 794 S.W.2d 948, 952-53 (Tex. App.--Houston [1st Dist.] 1990,
pet. ref'd). Appellant filed a motion for new trial, and the trial court set a hearing, but
the record does not reflect that the hearing was held.

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of noncapital trial). Appellant must show
both that (1) counsel's performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel's error or omission, the result of the proceedings
would have been different, i.e., the error or omission is sufficient to undermine
confidence in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. 
Effective assistance of counsel does not mean errorless counsel. See Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813.

 It is the defendant's burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A "[d]efendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy." Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will not
speculate to find trial counsel ineffective when the record is silent on counsel's
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd); Gamble, 916 S.W.2d at 93. However,
"in the rare case where the record on direct appeal is sufficient to prove that counsel's
performance was deficient, an appellate court should obviously address the claim
. . . ." Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).

 Appellant argues that counsel could have no reasoning or strategy for not
objecting. The State admits that reading the enhancement paragraph to the jury
during the guilt-innocence phase was improper, but argues that the error was waived. 
See Frausto v. State, 642 S.W.2d 506, 508-09 (Tex. Crim. App. [Panel Op.] 1982);
Hardin v. State, 951 S.W.2d 208, 211 (Tex. App.--Houston [14th Dist.] 1997, no
pet.) (holding that violation of article 36.01(a)(1) is waivable). The State does not
address whether counsel may have declined to object due to trial strategy. Instead,
the State argues that appellant has not shown that counsel's performance, in its
entirety, was deficient.

 We agree with appellant that his counsel could have no reasoning or strategy
for not objecting. Introducing a prior conviction for the same offense during the
guilt-innocence phase violated Code of Criminal Procedure article 36.01(a)(1), a
statute enacted to prevent the extreme prejudice that almost inevitably results in that
situation. See Frausto, 642 S.W.2d at 508. Appellant also argues, and we agree, that
the evidence of guilt at trial is not overwhelming. Appellant was initially pulled over
for speeding, and although he failed field sobriety tests, refused a breath test, and
admitted to consuming two beers, the videotape of the arrest does not reveal obvious
signs of intoxication. Given the totality of the evidence, it is not possible to predict
what the jury as fact finder would have done without the prejudicial admission of the
prior conviction. We therefore hold that appellant has met his burden to show there
is a reasonable probability that, but for the admission of appellant's prior conviction,
the result of the proceedings would have been different.

 We hold that appellant's counsel was ineffective and sustain appellant's point
of error. We reverse the judgment of the trial court and remand the case for further
proceedings pursuant to Code of Criminal Procedure article 44.29(a). Tex. Code
Crim. Proc. Ann. art. 44.29(a) (Vernon 2007). Appellant's petition for discretionary
review is dismissed pursuant to Texas Rule of Appellate Procedure 50.




 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Justice Keyes, dissenting.

Publish. Tex. R. App. P. 47.2(b)
1. This is not a situation in which the jury at the guilt-innocence phase may be
informed of the existence of prior convictions for driving while intoxicated
because the prior convictions are necessary to establish jurisdiction in the
district court for a felony grade criminal case. See, e.g., Martin v. State, 200
S.W.3d 635, 638-41 (Tex. Crim. App. 2006).
2. Act of May 17, 1985, 69th Leg., R.S., ch. 462, § 18, 1985 Tex. Gen. Laws
1624, 1630 (Revised Statutes article 6701l-1(f)
, since repealed).