S. E. WILLIAMS V. THE STATE.

No. 22481. Delivered April 14, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of a violation of the liquor laws and assessed a penalty of ninety days in jail.

The record before us presents bills of exception relating to the contents of the complaint and information. A careful checking fails to verify statements made in the bills of exception, for which reason they cannot be sustained.

Other bills of exception relate to the introduction of testimony. We find what purports to be a statement of facts but it is in question and answer form instead of being prepared in the manner prescribed by law, which this court has frequently held to be mandatory. Not being able to consider the statement of facts, we are unable to appraise the bills of exception. Nothing else is presented for our consideration.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant files an ingenious argument, in which he requests us to consider his statement of facts herein, although same does mainly consist of questions and answers, because of the fact that we have heretofore in some instances considered statements of fact in a similar form to the present one. It is also true that in some isolated instances herein, for a few lines this statement lapses into a narrative form, but not for any appreciable length. Such statement is mainly composed of questions, objections and answers, as well as oral rulings by the trial court. On page 4 there are about ten lines of narration; on page 11 we find about the same amount; again a small amount on page 18, and practically the remainder of the 30 page statement is in question and answer form. Art. 760, C. C. P. provides that a statement of facts in a criminal case shall be in narrative form. See Pocket Part, Vernon's Ann. C. C. P., Vol. 3; Art. 760, C. C. P. as amended in 1931.

Nor do we think our inadvertence or failure to discover records that were before us in a similar condition as the present one would be any reason for us to overlook or disregard the plain provisions of the statute. The wisdom thereof plainly appears as illustrated by the present record. Much of the same is taken up with colloquies between the attorneys and the court and each other, all of such matters not being of benefit to this court nor a legitimate part of the facts produced.

The rule is too plain and the decisions too unanimous for us to look with any favor upon relaxing the same.

Appellant's bill of exceptions No. 1 relates to the trial court's failure to quash the information because of the alleged failure therein to state that the offense therein charged occurred prior to the filing thereof. It was also in such bill noted that the affidavit was filed on the same day that such offense was alleged to have been committed. Appellant doubtless overlooked the allegation in such complaint as well as the information that such alleged offense occurred before the filing of such instrument.

Bill of exceptions No. 7 relates to the argument of the State's attorney in which it is shown he told the jury: "That the only way to stop bootlegging in the State of Texas is for you to go out and assess a jail sentence against this defendant that will be a lesson to him and all other persons who violate the liquor law."

Appellant was charged with a violation of the liquor laws of Upshur County, and a punishment for such violation in-

cluded a permissive jail sentence, which the jury finally awarded appellant. The objection that such a statement was unwarranted by the evidence can not be appraised in the light of the failure to consider the statement of facts offered us. However, we think the remarks were well within the privilege of the State's attorney whose efforts seemed to have been directed to carrying out the provisions of Art. 2 of our Penal Code, which says: "The object of punishment is to suppress crime and reform the offender." We think the argument to have been legitimate.

The remaining bills can not be appraised in the absence of a proper statement of facts.

The motion for a rehearing will be overruled.