ARTHUR CLOUD v. THE STATE.

No. 23658. Delivered May 21, 1947.
Rehearing Denied June 18, 1947.

J. M. Parker, of Gorman, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of an automobile over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a period of two years.

Appellant's chief contention is that the court erred in overruling his motion for an instruction to the jury to return a verdict of not guilty based on the ground that the evidence was insufficient to justfy and sustain a conviction.

The State's evidence, briefly stated, shows that on the morning of the 27th day of April, 1946, Robert Chaney and appellant met in the town of Comanche, from there they went to Brownwood, and from Brownwood to Cross Plains, arriving at the latter place about 8:30 or 9:00 P. M. After eating supper at a cafe, they went to visit a young lady, but she was not at home. Then they decided to get an automobile. After looking over some of the automobiles parked on the square, Chaney found one with the key in it. They both entered it and drove to Baird. At Baird they ran into an automobile doing some damage to it. They then drove back to Cross Plains where they parked the

car, not at the place where they had obtained it but near a cotton gin; went back to the home of their lady friend; and visited with her a short while. They then started to Comanche but when they arrived at a curve on the highway, they turned the car over and wrecked it to such an extent that it would not run under its own power. They abandoned the automobile there and went to Brownwood.

On cross-examination of Robert Chaney, the State's principal witness, he testified as follows: "So far as Arthur Cloud is concerned he did not have a thing in the world to do with taking the car. I am the one that took it. I took the car myself. After I had taken the car I asked Arthur to get in with me. He got in with me and that's when we made our trip to Baird. He made the rounds and all the things like that with me and we went clear on back into Comanche. We had sobered up pretty well when we got to Comanche after the wreck."

The cafe owner testified that the appellant and Robert Chaney were together in his cafe on the night in question.

Thelma Jean Thompson, the young lady they visited on the night in question, testified that they, appellant and Robert Chaney, both were at her home and visited with her a short time.

Mrs. Boyle testified that she lived in Cross Plains; that on the night in question, she parked her automobile in the middle of the street in front of the telephone building; that she knew D. L. Barnes' automobile; that she saw Robert Chaney and another boy get into the automobile belonging to Mr. Barnes and drive it away; that Chaney got into the car while the other party stood on the sidewalk and looked around. On cross-examination by appellant's attorney, she testified as follows: "I do not know what it was that attracted my attention so that I saw all of this. They, meaning the appellant and Robert Chaney, were going toward the automobile; they walked between two parked cars; they then glanced in the car. Robert Chaney got in the car and the other one got on the sidewalk. Robert Chaney got in and the other one got up on the sidewalk. The other one was standing there on the sidewalk looking around. He was not looking around just casually, like anybody else would be. He was looking to see if anyone was watching. I know that because you can tell when somebody is looking around to see whether somebody else is watching them or not."

The court submitted the case to the jury on the law of principal and instructed the jury that Robert Chaney was an accomplice; that they could not convict the defendant on the testimony of the accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense charged.

In our opinion, the evidence is sufficient to bring the appellant within the definition of a principal as that term is defined by Articles 66 and 69, P. C. The record shows that he was present at the time and place of the commission of the offense; that he knew of the unlawful intent of his companion Chaney. Furthermore, there is evidence from which the jury could draw the conclusion that appellant had agreed to the commission of the offense; that he stood near and kept watch while Chaney took possession of the automobile; then appellant immediately entered it and they drove away.

The issue of appellant's guilt, under the charge of the court as a guide, was exclusively within the province of the jury and this Court would not be authorized to disturb their conclusion on the question. We think the following authorities sustain the opinion here expressed: Smith v. State, 83 Tex. Cr. R. 485, and Edwards v. State, 144 Tex. Cr. R. 485.

Bills of Exception Nos. 1 and 2 relate to certain questions propounded by the District Attorney to the witness, Robert Chaney. The bills are deficient in that they fail to show what answer, if any, the witness gave or would have made. In the absence of such showing, the bills fail to reflect error. See De-Ford v. State, 143 Tex. Cr. R. 618 (623) in disposing of bill of exception No. 4 in said case. Hill v. State, 89 Tex. Cr. R. 450, Reese v. State, 151 S. W. (2d) 828, Perea v. State, 88 Tex. Cr. R. 382 (227 S. W. 305), Trinkle v. State, 60 Tex. Cr. R. 187 (131 S. W. 583), Keller v. State, 95 Tex. Cr. R. 256.

By Bill of Exception No. 3 he complains of the following re-remarks made by the District Attorney in his closing argument to the jury: "Gentlemen of the jury, the grand jury has performed its duty, I have done my duty as near as I could, and now, time has come for you to do your duty." We fail to see how this argument was obviously hurtful to the appellant.

The general rule is that unless the argument complained of violates some mandatory provision of the statute, or is obviously harmful, or injects new matter into the case, it will not justify

a reversal of the judgment of conviction. See Vineyard v. State, 96 Tex. Cr. R. 401, Heidle v. State, 86 S. W. (2d) 641, Newchurch v. State, 121 S. W. (2d) 998, Tadlock v. State, 139 S. W. (2d) 796 (139 Tex. Cr. R. 316), Johnson v. State, 170 S. W. (2d) 770, and Lutz v. State, 176 S. W. (2d) 317.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant for the first time herein raises the point that there was a failure in the trial hereof to prove the value of the car alleged to have been stolen. It is shown that the stolen car was a 1937 Plymouth, evidenced to be in good running order, and that appellant and his companion drove the same for quite a distance from town to town until they turned it over and wrecked it. The owner of the car, when asked the value of same, said: "I presume the value of that car on that date was about $650 or $700." It is contended that sufficient proof is not present to show the value of the stolen car to be $50.00 or more. The word "presume" has many different meanings. It is flexible and often partakes of the context in which it appears. The presumption of innocence that surrounds every accused person means an assumption which prevails as the judgment of the law until the contrary is proven. The word as found herein, in the proof and its context, merely means that it was the judgment of the witness that this car was worth about $650 or $700. There is no objection to such proof, and taken in conjunction with the other circumstances present, we think the testimony shows that it was the opinion of the witness, when he testified, that the car was worth more than the necessary $50.00, and same was sufficient.

The motion will be overruled.