**James W. SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 38998.

Court of Criminal Appeals of Texas.

Oct. 12, 1966.

Rehearing Denied Dec. 14, 1966.

Frank Y. Hill, Jr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Charles T. Conaway, Asst. Dist. Atty., San Antonio, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Presiding Judge.

The offense is indecent exposure to a person under the age of 16 years; the punishment, two years in jail.

Two junior high school girls, aged 13 and 14 years on the day charged in the indictment, testified that as they were walking home from school appellant brought his white Chevrolet Impala to a halt near the curb where they were walking, and, after asking them for directions, offered them each two dollars to watch him masturbate. At this time appellant had his pants open, his privates exposed and had his hand on his sexual organ moving it up and down as he spoke to them. The girls fled the scene, reported the matter to their parents and later identified appellant's picture from a group of pictures exhibited to them by police officers.

Appellant did not testify or offer any evidence in his own behalf.

The first question which merits discussion is appellant's motion to produce for pre-trial inspection any document in the possession of the District Attorney or the Police Chief which might be relevant on the issue of guilt or innocence or punishment. This case was tried before the effective date of Article 39.14, Vernon's Ann.C.C.P., but even had it been tried since the Act has been in effect, such a request would have been far too broad, because the article by its terms excepts written statements of witnesses, the work product of counsel and their investigators and their notes or reports.

We further find no merit in appellant's claim that his case should have been continued until he could secure appellate review of a civil mandamus judgment decided adversely to him, by which he sought to secure the documents in the hands of the above named officials by authority of a city ordinance which made public records available to all.

We find no error in the argument, as the same was clearly a plea for law enforcement. Henderson v. State, 163 Tex. Cr.R. 573, 295 S.W.2d 215.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.