**Juan D. VILLARREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41922.**

Court of Criminal Appeals of Texas.

March 19, 1969.

Rehearing Denied May 21, 1969.

————◆————

Donald J. Hand, Leo Dougherty, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for assault with intent to murder; the punishment seven years.

The record reflects that appellant shot Jose Chavez with a rifle. Chavez, a minister of a Baptist mission, was walking down a street in San Antonio with three others at about 9:30 in the evening when the shot hit him near the spinal column causing him to be paralyzed so that he would never be able to walk.

Maria Valdez testified that she saw appellant with a rifle in his hand, and another boy near her house; that when she told them some detectives were coming, she was called a stool pigeon, and a rock was thrown at her. A group of four or five people came by her house, and appellant asked them if they were from Alto or Ghost Town. When no one replied, appellant fired the rifle and hit Chavez.

There was testimony that the Alto and Ghost Town gangs had been involved in violence in her neighborhood. Detective Steve Salas testified that the two gangs had been at war with each other for several years.

■ It is contended that reversible error was committed during the argument to the jury. M. C. Gonzales, the Assistant District Attorney, while discussing the testimony of the witness Juan Valdez stated, "* * * a fourteen year old kid. If you think that doesn't take any guts, for them to come up here. * * *" The District Attorney, James E. Barlow, made a similar statement about the witness Maria Valdez coming to testify and standing her ground. Objections that these arguments were outside the record were overruled. The arguments complained of were reasonable deductions from the evidence. Cavazos v. State, Tex. Cr.App., 423 S.W.2d 582.

■ The District Attorney further stated to the jury, "And now as you have an opportunity for the first time in your lives to do something about helping this county be a better county—I can't do it—." An objection was made that such argument was a call on the conscience of the community, and it suggested to the jury that they convict on matters not in the record. The objection was overruled.

The argument does not state a community wish; it was a proper plea for law enforcement. No error is shown. Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471; Henderson v. State, 163 Tex.Cr.R. 573, 295 S.W.2d 215; Cloud v. State, 150 Tex.Cr.R. 458, 202 S.W.2d 846.

Appellant's ground of error based on the arguments is overruled.

■ Appellant next contends that the jury discussed the fact that he did not testify. An affidavit of the juror Mrs. Carma B. Roberson attached to the motion for new trial showed she asked the question, "If he (Juan Villarreal) is innocent, why

didn't they put him on the witness stand?". An affidavit made by the same juror showed that the statement was made after the jury had reached its verdict. The testimony of the jurors at the hearing on the motion for new trial showed that the statement was made after the verdict.

In De La Rosa v. State, 167 Tex.Cr.R. 28, 317 S.W.2d 544, a juror made an affidavit stating, "* * * during the course of our deliberations, it was mentioned that he (defendant) did not take the witness stand in his own behalf." Affidavits of other jurors were to the effect that it was mentioned after the verdict. It was held that such a reference to the failure of the accused to testify was not considered as a circumstance against him and did not constitute reversible error. See Low v. State, 156 Tex.Cr.R. 34, 238 S.W.2d 769; Dyer v. State, 96 Tex.Cr.R. 301, 257 S.W. 902.

Appellant's second ground of error is overruled.

The judgment is affirmed.