NO. 07-02-0263-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 10, 2005

_____

PATRICK INTHISAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 43,612-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

In this appeal, appellant Patrick Inthisan challenges his conviction of aggravated assault with a deadly weapon and the jury-assessed punishment of 20 years confinement in the Institutional Division of the Department of Criminal Justice. In contending his conviction should be reversed, he presents two issues for our determination. Those issues are 1) whether appellant's confession should have been suppressed by the trial court and, 2) did the trial court reversibly err in refusing to grant a mistrial because of improper jury

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

argument. For reasons expressed below, we find no reversible error and affirm the judgment of the trial court.

## Background

The prosecution underlying this case arose out of an incident that occurred in the late hours of December 15, 2000, or during the early hours of December 16, 2000. In the incident, Phong Nguyen received numerous gunshot wounds outside his home. Those wounds included injuries to his right shoulder blade, right and left hands, right upper abdomen, right flank, right femur, right hip and buttocks. Those injuries resulted in the collapse of his lungs and the partial amputation of fingers on his left hand. Investigators received tips that led them to suspect that appellant was involved in the occurrence. Two police officers, Steven Brush (Brush) and Clarence Jones (Jones), were sent to talk to appellant and returned with him to the police station. Upon his arrival at the station, appellant was interrogated and gave a written statement which is the basis of his first issue.

## Discussion

In support of his first issue contention that the trial court erred in not suppressing his confession, appellant argues that his arrest was unlawful and that the confession was rendered involuntary because it was induced by the police and was the result of misleading and untrue police statements. At the suppression hearing, three witnesses, Brush, Jones, and David Kucinski (Kucinski) testified. The issue presented by appellant requires us to briefly recap the relevant testimony.

Brush testified that he was employed as an Amarillo police officer. He said because of a belief that appellant and an individual named "Pong" might be involved in the incident, he and Jones were asked to contact the pair and see if they would come to the police

2

station to talk about the shooting. He averred that both of the individuals voluntarily agreed to do so and that they were not under arrest at the time. Upon their arrival at the station, because the officer considered appellant a possible suspect in the case, Brush said that he went over the Peace Officer's Warning and Constitutional Rights form with appellant in an interview room and that all of appellant's constitutional rights were contained in the form read to appellant. He testified that appellant indicated to him that he understood those rights and had no questions about them. Appellant then signed the form. There was no evidence that appellant was interrogated in any manner prior to being informed of his rights.

Kucinski said that he came into the interview to talk to appellant. He averred that he initially asked appellant if he had been read his rights, and both appellant and Brush confirmed that he had received those rights. Kucinski said that he spoke with appellant concerning the shooting and asked him if he would be willing to give a written statement concerning that occurrence. At first, appellant indicated that he would be reluctant to give such a statement. Kucinski then told appellant that "he probably needed to give his side of the story because if the other guys involved in this tried to put the blame on him and we didn't have his side, that wouldn't look right." At some time thereafter, Kucinski said, appellant told him he would give such a statement. Kucinski averred that before taking the statement, he reviewed appellant's constitutional rights with him. Parenthetically, those rights are printed on the top of the statement form used by Kucinski in taking appellant's statement. In his statement, appellant admitted that he had been involved in the shooting but said that he had only shot at Phong's vehicle and not directly at Phong. Immediately after appellant gave his statement, he was placed under arrest and charged with the offense of aggravated assault with a deadly weapon.

3

Jones, an Amarillo police lieutenant, also testified at the suppression hearing. He said that Kucinski and another Amarillo police officer named Tracy were assigned to take the lead role in the case because of their contacts in the Asian community. Tracy and Kucinski asked Brush and Jones to attempt to pick up or talk to appellant and "Pong." He averred that when he and Brush talked to appellant and "Pong," and they were asked to come to the police station, he made it clear that the pair were not under arrest, were not obligated to come with the police, and the police did not have an arrest warrant. At the police station, Jones placed "Pong" in an interview room, read him the *Miranda* warnings, and then went to the interview room in which appellant was located. As he entered the room, he said, Brush was reiterating appellant's *Miranda* warnings. He left the room when Kucinski and Jones arrived.

Jones admitted that he did not tell appellant that the officers believed he was involved in the occurrence and that he was a solid suspect. He did not tell appellant all that was known about the case and he admitted that if appellant had been told everything that the officer knew, Jones speculated appellant probably would not have gone with the officers to the station. Appellant rode in an unmarked car with the officers to the station, was not handcuffed, and rode in the front seat. Appellant did not present any evidence at the suppression hearing.

At trial, in addition to introducing appellant's confession, the State presented two witnesses who placed appellant at the scene of the shooting, but they also said they did not see him fire a shot. Again, appellant did not testify or present evidence at trial.

First Issue Discussion

4

The gist of appellant's argument under his first issue is: 1) his arrest was unlawful and 2) his confession was involuntary because it was induced by the police and obtained by misleading and untruthful police statements. We review a trial court's suppression ruling under an abuse of discretion standard. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). In applying this standard, we view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling and we must affirm that ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* If no explicit findings of fact are made by the trial court, we assume the trial court made implicit findings of fact that would be supported by the record and which support the court's conclusion. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).

As we noted above, appellant's first argument is that he was unlawfully arrested and that his confession was the fruit of that illegal arrest. A person is not unlawfully arrested if he is not placed under restraint or taken into custody. *Chambers v. State*, 866 S.W.2d 9, 19 (Tex. Crim. App. 1993). An arrest is effected when a person's liberty of movement is restricted or restrained. *Id*. at 19. A person is "seized" under the Fourth Amendment only, if under all of the circumstances surrounding the seizure, a reasonable person would have believed that he was not free to leave. *See Florida v. Royer*, 460 U.S. 491, 502, 75 L.Ed.2d 229, 103 S.Ct. 1319 (1983); *Chambers v. State*, 806 S.W.2d at 19.

Under the evidence in this case, appellant was asked to accompany the officers to the police station to answer some questions. He was told on at least two occasions that he was not under arrest. He was not handcuffed, and he rode to the station in the front seat of an unmarked car.

5

When a person agrees to accompany police officers who are in the course of investigating a crime, and the person knew or should have known that the police might suspect he is implicated in the offense, if he is acting upon the invitation, urging, or request of police officers and is not forced, coerced, or threatened, the act is voluntary and the person is not in custody. See *Chambers v. State,* 866 S.W.2d at 19; *Patterson v. State*, 836 S.W.2d 787, 790 (Tex. App.--Fort Worth 1992, pet. ref'd). In this case, under the evidenced adduced and when viewed in a light most favorable to the trial court's ruling, the record is sufficient to support the trial court's implied finding that appellant was not forced, coerced or threatened, and that he voluntarily consented to accompany the officers to the station. Thus, it is sufficient to support the trial court's evident determination that appellant was not in custody and was not unlawfully arrested.

Appellant next contends that his confession was rendered involuntary because it was induced by statements made by the police that it would be "better" or "in your best interest" to tell his side of the story. Appellant does not dispute that he was read his rights as provided in article 38.22 of the Code of Criminal Procedure. Even so, because we have decided that appellant was not in custody when he gave his statement to the police, this article, which only applies to custodial interrogations, would not be applicable.

To have been admissible, appellant's confession must have been given freely and voluntarily and without compulsion or improper persuasion. *See* Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon 2005). The voluntariness of a statement is determined from the totality of the circumstances surrounding the giving of the statement. *Creager v. State*, 952 S.W.2d 852, 855 (Tex. Crim. App. 1997). A statement is rendered involuntary if it has been obtained through the use of an improper inducement. *See Washington v. State*, 582

6

S.W.2d 122, 124 (Tex. Crim. App. 1979): *Fisher v. State*, 379 S.W.2d 900, 902 (Tex. Crim. App. 1964). The determinative question in deciding whether an inducement, most often a promise, renders a confession involuntary is whether the inducement makes the defendant more inclined to admit a crime that he did not commit. *See Washington v. State*, 582 S.W.2d at 124; *Fisher v. State*, 379 S.W.2d at 902.

In this case, the officers admitted telling appellant that it would be "better" and "in your best interest" for him to give his side of the story. That evidence is not sufficient to make invalid the trial court's evident determination that the officers' comments did not amount to an unequivocal promise of a benefit in exchange for appellant's confession. Such an unequivocal promise is necessary to show that a confession was made improper by an inducement. *Chambers v. State*, 886 S.W.2d at 20. Because there is evidence that reasonably supports the trial court determination that the confession was voluntary, it did not abuse its discretion by admitting the confession.

Finally, appellant contends that the confession was involuntary because the police deceived him into confessing by not informing him that they considered him a suspect in the shooting. In that connection, appellant has cited no authority that would support his conclusion that the asserted police officers' "deception" in not informing him of their subjective suspicions made the confession involuntary.

Trickery or deception is not sufficient to make a confession involuntary unless it was calculated to produce an untruthful confession or was offensive to due process considerations. *Creager v. State*, 952 S.W.2d at 856. The ultimate question is whether the suspect's will was overborne. *Id*. The record before us is sufficient to support the trial court's conclusion that this was not the case here.

7

Because the record does not show that the trial court abused its discretion in concluding that the confession was neither the result of an illegal arrest nor was it made involuntary by improper inducements of the police, appellant's first issue must be, and is hereby, overruled.

Second Issue Discussion

In presenting his second issue, appellant presents a two-fold argument. In doing so, he contends: 1) the State made an improper plea for law enforcement, and 2) the State argued matters outside of the record.

In considering this issue, we must remember that the granting or denial of a mistrial is within the discretion of the trial court. *See Kipp v. State*, 876 S.W.2d 330, 339 (Tex. Crim. App. 1994). A trial court only abuses its discretion if the reviewing appellate court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the trial court. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991). Proper prosecutorial jury argument includes: 1) summation of the evidence, 2) reasonable deductions from the evidence, 3) answer to argument of opposing counsel, and 4) pleas for law enforcement. *Brown v. State*, 692 S.W.2d 497, 502 (Tex. Crim. App. 1985). A jury argument requires reversal if, in light of the record as a whole, the argument was extreme or manifestly improper, violated a mandatory statute, or injected new facts harmful to the accused into the trial proceedings. *Borjan v. State*, 787 S.W.2d 53, 56-57 (Tex. Crim. App. 1990).

Appellant argues that the State's jury argument that "we don't have room for wars in Amarillo, Texas" and that "if you are going to put our citizens in danger here in Potter County . . ." constituted an improper plea for law enforcement. A plea for law enforcement

8

may argue the relationship between the jury's verdict and the deterrence of the specific crime alleged in the indictment or the impact the jury's verdict will have on the community in general. *Id.* at 55-56. While referencing the impact of the jury verdict on the community is permissible, argument which attempts to induce the jury to convict because the community desires or expects a certain result is improper. *See Decker v. State,* 717 S.W.2d 903, 908-09 (Tex. Crim. App. 1986); *Villarreal v. State*, 440 S.W.2d 74, 75 (Tex. Crim. App. 1969).

In this case, the State's argument never reached the point that it argued the community expected a conviction. At best, the State's argument can be characterized as a plea for law enforcement relating to deterrence of a specific crime (decrease in gang-related violence). That being so, we conclude the trial court did not abuse its discretion by denying appellant's motion for mistrial because the State's argument was within the bounds of permissible jury argument. *See Holloway v. State*, 525 S.W.2d 165, 170 (Tex. Crim. App. 1975).

Moreover, the trial court instructed the jury to disregard the State's plea for law enforcement. Generally, any injury from an improper jury argument is cured by a court instruction to disregard the argument unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *Melton v. State*, 713 S.W.2d 107, 114 (Tex. Crim. App. 1986). Thus, even assuming *arguendo* that the State's argument was improper, a holding we do not make, the argument was not so inflammatory that its effect could not have been cured by the instruction to disregard.

9

Appellant additionally contends that the State's argument that the jury could convict appellant as a party to the charged offense was an argument of evidence outside of the record because the indictment did not charge appellant as a party.

Section 7.01(b) of the Penal Code provides that each party to an offense may be charged with commission of the offense, Tex. Pen. Code Ann. §7.01(b) (Vernon 2003), and, if the evidence supports a charge on the law of parties, the trial court may charge on the law of parties even though there is no such allegation in the indictment. *Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989); *Pitts v. State*, 569 S.W.2 898, 900 (Tex. Crim. App. 1978).

Here, the trial court included an instruction on the law of parties in the jury charge.[2] Appellant made no objection to the charge as presented by the trial court. There is some evidence in the record supporting appellant's participation as a party. Appellant's confession indicates that he initially acted as a look-out for other participants and actively shot at the victim's vehicle during the shooting. Two witnesses corroborated appellant's presence at the scene during the occurrence. Thus, there was sufficient evidence to support a reasonable perception that appellant was a party to the offense.

Additionally, the trial court instructed the jury to disregard the State's argument concerning appellant's culpability as a party. We noted above the rule that an instruction

---

[2]In that regard, the trial court instructed the jury that:

> All persons are parties to an offense who are guilty of acting together in the commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.

10

to disregard is sufficient to cure any improper jury argument unless the argument is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment. *Melton v. State*, 713 S.W.2d at 114. Thus, assuming, without deciding, that the State's argument regarding appellant's culpability as a party was improper, we agree with the trial court that it was not so inflammatory as to require a mistrial. Appellant's second issue is overruled.

In sum, both of appellant's issues are overruled and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.

_____

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Further, in its charge, the trial court explained that the jury could convict appellant as either a principal (if he knowingly and intentionally committed aggravated assault) or as a party (if he knew that the others intended to commit aggravated assault and acted with an intent to promote or assist the others in committing the aggravated assault).