INTHISAN V. STATE



NO. 07-02-0263-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 10, 2005



______________________________




PATRICK INTHISAN, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,612-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

 In this appeal, appellant Patrick Inthisan challenges his conviction of aggravated
assault with a deadly weapon and the jury-assessed punishment of 20 years confinement
in the Institutional Division of the Department of Criminal Justice. In contending his
conviction should be reversed, he presents two issues for our determination. Those issues
are 1) whether appellant's confession should have been suppressed by the trial court and,
2) did the trial court reversibly err in refusing to grant a mistrial because of improper jury
argument. For reasons expressed below, we find no reversible error and affirm the
judgment of the trial court.

Background

 The prosecution underlying this case arose out of an incident that occurred in the
late hours of December 15, 2000, or during the early hours of December 16, 2000. In the
incident, Phong Nguyen received numerous gunshot wounds outside his home. Those
wounds included injuries to his right shoulder blade, right and left hands, right upper
abdomen, right flank, right femur, right hip and buttocks. Those injuries resulted in the
collapse of his lungs and the partial amputation of fingers on his left hand. Investigators
received tips that led them to suspect that appellant was involved in the occurrence. Two
police officers, Steven Brush (Brush) and Clarence Jones (Jones), were sent to talk to
appellant and returned with him to the police station. Upon his arrival at the station,
appellant was interrogated and gave a written statement which is the basis of his first issue.

Discussion


 In support of his first issue contention that the trial court erred in not suppressing his
confession, appellant argues that his arrest was unlawful and that the confession was
rendered involuntary because it was induced by the police and was the result of misleading
and untrue police statements. At the suppression hearing, three witnesses, Brush, Jones, 
and David Kucinski (Kucinski) testified. The issue presented by appellant requires us to
briefly recap the relevant testimony.

 Brush testified that he was employed as an Amarillo police officer. He said because
of a belief that appellant and an individual named "Pong" might be involved in the incident,
he and Jones were asked to contact the pair and see if they would come to the police
station to talk about the shooting. He averred that both of the individuals voluntarily agreed
to do so and that they were not under arrest at the time. Upon their arrival at the station,
because the officer considered appellant a possible suspect in the case, Brush said that
he went over the Peace Officer's Warning and Constitutional Rights form with appellant in
an interview room and that all of appellant's constitutional rights were contained in the form
read to appellant. He testified that appellant indicated to him that he understood those
rights and had no questions about them. Appellant then signed the form. There was no
evidence that appellant was interrogated in any manner prior to being informed of his rights.

 Kucinski said that he came into the interview to talk to appellant. He averred that
he initially asked appellant if he had been read his rights, and both appellant and Brush
confirmed that he had received those rights. Kucinski said that he spoke with appellant
concerning the shooting and asked him if he would be willing to give a written statement
concerning that occurrence. At first, appellant indicated that he would be reluctant to give
such a statement. Kucinski then told appellant that "he probably needed to give his side
of the story because if the other guys involved in this tried to put the blame on him and we
didn't have his side, that wouldn't look right." At some time thereafter, Kucinski said,
appellant told him he would give such a statement. Kucinski averred that before taking the
statement, he reviewed appellant's constitutional rights with him. Parenthetically, those
rights are printed on the top of the statement form used by Kucinski in taking appellant's
statement. In his statement, appellant admitted that he had been involved in the shooting
but said that he had only shot at Phong's vehicle and not directly at Phong. Immediately
after appellant gave his statement, he was placed under arrest and charged with the
offense of aggravated assault with a deadly weapon.

 Jones, an Amarillo police lieutenant, also testified at the suppression hearing. He
said that Kucinski and another Amarillo police officer named Tracy were assigned to take
the lead role in the case because of their contacts in the Asian community. Tracy and
Kucinski asked Brush and Jones to attempt to pick up or talk to appellant and "Pong." He
averred that when he and Brush talked to appellant and "Pong," and they were asked to
come to the police station, he made it clear that the pair were not under arrest, were not
obligated to come with the police, and the police did not have an arrest warrant. At the
police station, Jones placed "Pong" in an interview room, read him the Miranda warnings,
and then went to the interview room in which appellant was located. As he entered the
room, he said, Brush was reiterating appellant's Miranda warnings. He left the room when
Kucinski and Jones arrived.

 Jones admitted that he did not tell appellant that the officers believed he was
involved in the occurrence and that he was a solid suspect. He did not tell appellant all that
was known about the case and he admitted that if appellant had been told everything that
the officer knew, Jones speculated appellant probably would not have gone with the officers
to the station. Appellant rode in an unmarked car with the officers to the station, was not
handcuffed, and rode in the front seat. Appellant did not present any evidence at the
suppression hearing.

 At trial, in addition to introducing appellant's confession, the State presented two
witnesses who placed appellant at the scene of the shooting, but they also said they did
not see him fire a shot. Again, appellant did not testify or present evidence at trial.

First Issue Discussion


 The gist of appellant's argument under his first issue is: 1) his arrest was unlawful
and 2) his confession was involuntary because it was induced by the police and obtained
by misleading and untruthful police statements. We review a trial court's suppression ruling
under an abuse of discretion standard. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996). In applying this standard, we view the record evidence and all
reasonable inferences therefrom in the light most favorable to the trial court's ruling and we
must affirm that ruling if it is reasonably supported by the record and is correct under any
theory of law applicable to the case. Id. If no explicit findings of fact are made by the trial
court, we assume the trial court made implicit findings of fact that would be supported by
the record and which support the court's conclusion. See State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000); State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).

 As we noted above, appellant's first argument is that he was unlawfully arrested and
that his confession was the fruit of that illegal arrest. A person is not unlawfully arrested
if he is not placed under restraint or taken into custody. Chambers v. State, 866 S.W.2d
9, 19 (Tex. Crim. App. 1993). An arrest is effected when a person's liberty of movement
is restricted or restrained. Id. at 19. A person is "seized" under the Fourth Amendment
only, if under all of the circumstances surrounding the seizure, a reasonable person would
have believed that he was not free to leave. See Florida v. Royer, 460 U.S. 491, 502, 75
L.Ed.2d 229, 103 S.Ct. 1319 (1983); Chambers v. State, 806 S.W.2d at 19.

 Under the evidence in this case, appellant was asked to accompany the officers to
the police station to answer some questions. He was told on at least two occasions that
he was not under arrest. He was not handcuffed, and he rode to the station in the front
seat of an unmarked car.

 When a person agrees to accompany police officers who are in the course of
investigating a crime, and the person knew or should have known that the police might
suspect he is implicated in the offense, if he is acting upon the invitation, urging, or request
of police officers and is not forced, coerced, or threatened, the act is voluntary and the
person is not in custody. See Chambers v. State, 866 S.W.2d at 19; Patterson v. State,
836 S.W.2d 787, 790 (Tex. App.--Fort Worth 1992, pet. ref'd). In this case, under the
evidenced adduced and when viewed in a light most favorable to the trial court's ruling, the
record is sufficient to support the trial court's implied finding that appellant was not forced,
coerced or threatened, and that he voluntarily consented to accompany the officers to the
station. Thus, it is sufficient to support the trial court's evident determination that appellant
was not in custody and was not unlawfully arrested.

 Appellant next contends that his confession was rendered involuntary because it
was induced by statements made by the police that it would be "better" or "in your best
interest" to tell his side of the story. Appellant does not dispute that he was read his rights
as provided in article 38.22 of the Code of Criminal Procedure. Even so, because we have
decided that appellant was not in custody when he gave his statement to the police, this
article, which only applies to custodial interrogations, would not be applicable.

 To have been admissible, appellant's confession must have been given freely and
voluntarily and without compulsion or improper persuasion. See Tex. Code Crim. Proc.
Ann. art. 38.21 (Vernon 2005). The voluntariness of a statement is determined from the
totality of the circumstances surrounding the giving of the statement. Creager v. State, 952
S.W.2d 852, 855 (Tex. Crim. App. 1997). A statement is rendered involuntary if it has been
obtained through the use of an improper inducement. See Washington v. State, 582
S.W.2d 122, 124 (Tex. Crim. App. 1979): Fisher v. State, 379 S.W.2d 900, 902 (Tex. Crim.
App. 1964). The determinative question in deciding whether an inducement, most often
a promise, renders a confession involuntary is whether the inducement makes the
defendant more inclined to admit a crime that he did not commit. See Washington v. State,
582 S.W.2d at 124; Fisher v. State, 379 S.W.2d at 902.

 In this case, the officers admitted telling appellant that it would be "better" and "in
your best interest" for him to give his side of the story. That evidence is not sufficient to
make invalid the trial court's evident determination that the officers' comments did not
amount to an unequivocal promise of a benefit in exchange for appellant's confession. 
Such an unequivocal promise is necessary to show that a confession was made improper
by an inducement. Chambers v. State, 886 S.W.2d at 20. Because there is evidence that
reasonably supports the trial court determination that the confession was voluntary, it did
not abuse its discretion by admitting the confession.

 Finally, appellant contends that the confession was involuntary because the police
deceived him into confessing by not informing him that they considered him a suspect in
the shooting. In that connection, appellant has cited no authority that would support his
conclusion that the asserted police officers' "deception" in not informing him of their
subjective suspicions made the confession involuntary.

 Trickery or deception is not sufficient to make a confession involuntary unless it was
calculated to produce an untruthful confession or was offensive to due process
considerations. Creager v. State, 952 S.W.2d at 856. The ultimate question is whether the
suspect's will was overborne. Id. The record before us is sufficient to support the trial
court's conclusion that this was not the case here.

 Because the record does not show that the trial court abused its discretion in
concluding that the confession was neither the result of an illegal arrest nor was it made
involuntary by improper inducements of the police, appellant's first issue must be, and is
hereby, overruled.

Second Issue Discussion


 In presenting his second issue, appellant presents a two-fold argument. In doing so,
he contends: 1) the State made an improper plea for law enforcement, and 2) the State
argued matters outside of the record.

 In considering this issue, we must remember that the granting or denial of a mistrial
is within the discretion of the trial court. See Kipp v. State, 876 S.W.2d 330, 339 (Tex.
Crim. App. 1994). A trial court only abuses its discretion if the reviewing appellate court
can say with confidence that no reasonable perception of the matter under consideration
could have yielded the decision made by the trial court. Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991). Proper prosecutorial jury argument includes: 1)
summation of the evidence, 2) reasonable deductions from the evidence, 3) answer to
argument of opposing counsel, and 4) pleas for law enforcement. Brown v. State, 692
S.W.2d 497, 502 (Tex. Crim. App. 1985). A jury argument requires reversal if, in light of
the record as a whole, the argument was extreme or manifestly improper, violated a
mandatory statute, or injected new facts harmful to the accused into the trial proceedings. 
Borjan v. State, 787 S.W.2d 53, 56-57 (Tex. Crim. App. 1990).

 Appellant argues that the State's jury argument that "we don't have room for wars
in Amarillo, Texas" and that "if you are going to put our citizens in danger here in Potter
County . . ." constituted an improper plea for law enforcement. A plea for law enforcement
may argue the relationship between the jury's verdict and the deterrence of the specific
crime alleged in the indictment or the impact the jury's verdict will have on the community
in general. Id. at 55-56. While referencing the impact of the jury verdict on the community
is permissible, argument which attempts to induce the jury to convict because the
community desires or expects a certain result is improper. See Decker v. State, 717
S.W.2d 903, 908-09 (Tex. Crim. App. 1986); Villarreal v. State, 440 S.W.2d 74, 75 (Tex.
Crim. App. 1969). 

 In this case, the State's argument never reached the point that it argued the
community expected a conviction. At best, the State's argument can be characterized as
a plea for law enforcement relating to deterrence of a specific crime (decrease in gang-related violence). That being so, we conclude the trial court did not abuse its discretion by
denying appellant's motion for mistrial because the State's argument was within the bounds
of permissible jury argument. See Holloway v. State, 525 S.W.2d 165, 170 (Tex. Crim.
App. 1975).

 Moreover, the trial court instructed the jury to disregard the State's plea for law
enforcement. Generally, any injury from an improper jury argument is cured by a court
instruction to disregard the argument unless the remark is so inflammatory that its prejudicial
effect cannot reasonably be removed by such an admonishment. Melton v. State, 713
S.W.2d 107, 114 (Tex. Crim. App. 1986). Thus, even assuming arguendo that the State's
argument was improper, a holding we do not make, the argument was not so inflammatory
that its effect could not have been cured by the instruction to disregard.

 Appellant additionally contends that the State's argument that the jury could convict
appellant as a party to the charged offense was an argument of evidence outside of the
record because the indictment did not charge appellant as a party.

 Section 7.01(b) of the Penal Code provides that each party to an offense may be
charged with commission of the offense, Tex. Pen. Code Ann. §7.01(b) (Vernon 2003), and,
if the evidence supports a charge on the law of parties, the trial court may charge on the law
of parties even though there is no such allegation in the indictment. Montoya v. State, 810
S.W.2d 160, 165 (Tex. Crim. App. 1989); Pitts v. State, 569 S.W.2d 898, 900 (Tex. Crim.
App. 1978).

 Here, the trial court included an instruction on the law of parties in the jury charge. (2) 
Appellant made no objection to the charge as presented by the trial court. There is some
evidence in the record supporting appellant's participation as a party. Appellant's
confession indicates that he initially acted as a look-out for other participants and actively
shot at the victim's vehicle during the shooting. Two witnesses corroborated appellant's
presence at the scene during the occurrence. Thus, there was sufficient evidence to
support a reasonable perception that appellant was a party to the offense. 

 Additionally, the trial court instructed the jury to disregard the State's argument
concerning appellant's culpability as a party. We noted above the rule that an instruction
to disregard is sufficient to cure any improper jury argument unless the argument is so
inflammatory that its prejudicial effect cannot reasonably be removed by such an
admonishment. Melton v. State, 713 S.W.2d at 114. Thus, assuming, without deciding, that
the State's argument regarding appellant's culpability as a party was improper, we agree
with the trial court that it was not so inflammatory as to require a mistrial. Appellant's
second issue is overruled.

 In sum, both of appellant's issues are overruled and the judgment of the trial court
is affirmed. 


 John T. Boyd

 Senior Justice


Do not publish.


______________________


 A person is criminally responsible for an offense
committed by the conduct of another if, acting with intent to
promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to
commit the offense. Mere presence alone will not constitute
one a party to an offense.


Further, in its charge, the trial court explained that the jury could convict appellant as either
a principal (if he knowingly and intentionally committed aggravated assault) or as a party (if
he knew that the others intended to commit aggravated assault and acted with an intent to
promote or assist the others in committing the aggravated assault). 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 
2. In that regard, the trial court instructed the jury that:


 All persons are parties to an offense who are guilty of
acting together in the commission of the offense. A person is
criminally responsible as a party to an offense if the offense is
committed by his own conduct, by the conduct of another for
which he is criminally responsible, or both.