**Opinion issued December 3, 2015**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-15-00294-CV
_____

### AMINA ROSE WHITE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court at Law No. 15**
**Harris County, Texas**
**Trial Court Case No. 1884399**

---

## MEMORANDUM OPINION

Pursuant to Texas Government Code section 411.081,[1] Amina Rose White

filed a petition for nondisclosure of her criminal history record with respect to the

---

[1]  The 2013 version of section 411.081 of the Texas Government Code was in effect at the time White's petition for nondisclosure was filed on January 5, 2015.  *See* Act of May 27, 1993, 73rd Leg., R.S., ch. 790, § 35, sec. 411.081, 1993 Tex. Gen. Laws 3088, 3107–08 (amended 2003, 2005, 2007, 2009, 2011) *amended by* Act of May 7, 2013, 83rd Leg., R.S. ch. 96, § 6, sec. 411.081(e), 2013 Tex. Sess. Law

Class B misdemeanor offense of theft, for which she had successfully completed deferred adjudication community supervision. Following a hearing, the trial court denied the petition. On appeal, White presents one issue in which she contends that the trial court erred in its denial.

We affirm.

## Background

White was charged with the Class B misdemeanor offense of theft for stealing a dress and four pairs of tights. *See* TEXAS PENAL CODE ANN. § 31.03(e)(2) (Vernon 2011). White pleaded guilty to the charged offense on April 30, 2013. The trial court ordered that White be placed on deferred adjudication community supervision for six months. After White successfully completed her deferred adjudication community supervision, the trial court discharged White from supervision and dismissed the proceedings on November 4, 2013.

On January 5, 2015, White filed a motion titled "Petition for Nondisclosure of Criminal History Record Information." In the motion, White requested the trial

Serv. 194, 196 (West). In the 2015 legislative session, the statutory provisions governing orders for nondisclosure of criminal history records were amended and transferred to newly enacted Subchapter E-1 of Chapter 411 of the Texas Government Code. Act of May 21, 2015, 84th Leg., R.S. ch. 1279, §§ 1–13, secs. 411.071–411.0775, 2015 Sess. Law Serv. 4327–4334 (West) (to be codified at TEX. GOV'T CODE §§ 411.071–411.0775). For ease of reference, we refer to the 2013 version of the statue, governing White's petition, as Former Section 411.081.

court "[to] issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the [theft] offense for which [she] successfully completed deferred adjudication community supervision." Among her allegations, White averred, "Issuance of an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense for which defendant successfully completed deferred adjudication community supervision is in the best interest of justice, society and [White]."

The trial court conducted a hearing on the motion on February 23, 2015. White testified at the hearing. She confirmed that she had successfully completed the deferred adjudication community supervision for the Class B misdemeanor offense of theft. She testified that the trial court had discharged her from supervision and dismissed the proceedings. White stated that, since the date the trial court dismissed the proceeding, she had not been convicted or placed on deferred adjudication community supervision for any other offense.

White's attorney also asked her, "[W]ould issuance of an order prohibiting criminal justice agencies from disclosure to the public your criminal history record information as it relates to the offense of theft for which you have successfully completed deferred adjudication and probation be in the best interest of justice, society, and yourself?" White responded affirmatively and stated, "I'm a single

3

mother trying to raise my son, and I'm in school, and I have—I just got hired for a job, but I won't be able to move up to make any more money and try to get my own place and—just trying to do better." White also responded affirmatively when asked, "[H]ave [you] been turned away from employment because of this theft on your record?" White testified that she currently makes eight dollars an hour. She indicated that she cannot make more than that because of the theft conviction.

On cross-examination, the State asked White whether she had been charged with an offense since she completed the deferred adjudication community supervision in this case. White responded, "I use my right to remain silent under the Texas Constitution and the United States Constitution."

At that point, the trial court denied the petition for nondisclosure. The trial court stated that it wanted the record to reflect that it was taking judicial notice of a DWI charge that was pending against White in that court. The trial court stated that the alleged DWI offense occurred on January 14, 2015, which was after White was discharged from deferred adjudication community supervision in this case.

The trial court also signed an order denying the petition for nondisclosure of her criminal history record. White filed a request for findings of fact and conclusions of law, but none were filed. The record does not reflect that White filed a notice of past due findings of fact and conclusions of law.

4

White now appeals.  She presents one issue in which she asserts that the trial erred by denying her petition for nondisclosure of her criminal history record.

**Denial of Petition for Nondisclosure**

The relevant portions of Former Section 411.081 provided:

(d) Notwithstanding any other provision of this subchapter, if a person is placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, subsequently receives a discharge and dismissal under Section 5(c), Article 42.12, and satisfies the requirements of Subsection (e), the person may petition the court that placed the defendant on deferred adjudication for an order of nondisclosure under this subsection. . . . .  After notice to the state, an opportunity for a hearing, and a determination that the person is entitled to file the petition and issuance of the order is in the best interest of justice, the court shall issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication. . . . .  A person may petition the court that placed the person on deferred adjudication for an order of nondisclosure only on or after:

> (1) the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a misdemeanor other than a misdemeanor described by Subdivision (2);

> (2) the second anniversary of the discharge and dismissal, if the offense for which the person was placed on deferred adjudication was a misdemeanor under Chapter 20, 21, 22, 25, 42, or 46, Penal Code . . . .

. . . .

> (e) A person is entitled to petition the court under Subsection (d) only if during the period of the deferred adjudication community

supervision for which the order of nondisclosure is requested and during the applicable period described by Subsection (d)(1), (2), or (3), as appropriate, the person is not convicted of or placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, for any offense other than an offense under the Transportation Code punishable by fine only. A person is not entitled to petition the court under Subsection (d) if the person was placed on the deferred adjudication community supervision for or has been previously convicted or placed on any other deferred adjudication for:

> (1) an offense requiring registration as a sex offender under Chapter 62, Code of Criminal Procedure;

> (2) an offense under Section 20.04, Penal Code, regardless of whether the offense is a reportable conviction or adjudication for purposes of Chapter 62, Code of Criminal Procedure;

> (3) an offense under Section 19.02, 19.03, 22.04, 22.041, 25.07, 25.072, or 42.072, Penal Code; or

> (4) any other offense involving family violence, as defined by Section 71.004, Family Code.

FORMER TEX. GOV'T CODE ANN. § 411.081(d)(1)–(2), (e)(1)–(4).

Because the trial court did not file findings of fact and conclusions of law, we do not know the basis for its denial of White's petition. On appeal, the State does not dispute that, under Former Section 411.081, White was eligible to seek an order of nondisclosure of her criminal history record information. *See id.* Instead, the dispute on appeal—as briefed by the parties—centers on whether the trial court

could have properly relied on the pending DWI charge against White to determine that issuance of an order granting White's request for nondisclosure was not in the best interest of justice. *See id.*

As an initial matter, we agree with the State that whether the trial court properly denied the petition for nondisclosure should be reviewed for abuse of discretion. *Jackson v. State*, No. 14–13–00747–CV, 2014 WL 6085593, at *2 (Tex. App.—Houston [14th Dist.] Nov. 13, 2014, no pet.) (holding that trial court did not abuse its discretion by denying petition for nondisclosure). With respect to the specific dispute in this case, we note that whether the rendition of a particular order is in the interest of justice is by its nature discretionary. "Texas courts have long accorded trial courts broad discretion within the standard 'in the interest of justice.'" *Baker v. Bell Helicopter Textron, Inc.*, 985 S.W.2d 272, 276 (Tex. App.—Fort Worth 1999, pet. denied). But, discretionary decisions are not unfettered; they are reviewed for an abuse of discretion. *See In re Pirelli Tire, LLC*, 247 S.W.3d 670, 676 (Tex. 2007).

A trial court abuses its discretion only if it has acted in an unreasonable or arbitrary manner, or has acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The appellant bears the burden of producing a record that shows the district court abused its discretion. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793,

7

795 (Tex. 1987). Under this standard, we view the evidence in the light most favorable to the trial court's decision, and we indulge every legal presumption in favor of the judgment. *Ginn v. NCI Bldg. Sys., Inc.*, No. 01–12–00502–CV, 2015 WL 4760501, at *24 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (citing *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). No abuse of discretion is shown if some evidence of substantive and probative character exists to support the trial court's decision. *Id.* "The mere fact that we might have decided the question differently does not demonstrate such an abuse." *Id.* (citing *Downer*, 701 S.W.2d at 242).

At the hearing, the trial court denied White's petition for nondisclosure and then immediately stated that it was taking judicial notice of the file for White's pending DWI case. In her brief, White asserts that the pending DWI charge does not "render [her] ineligible [to receive a nondisclosure order] under the 'best interest of justice'" provision . . . ."

We agree with White that, under Former Section 411.081, the pending DWI case did not make her ineligible to obtain an order of nondisclosure. White was discharged from deferred adjudication community supervision for the offense of Class B misdemeanor theft, and there was no evidence that she had ever been convicted or placed on deferred adjudication community supervision for any other offense. *See* FORMER TEX. GOV'T CODE ANN. § 411.081(d), (e).

8

We disagree, however, with White's position that the trial court could not consider the pending DWI charge in determining whether issuance of the order was in the best interest of justice. In making her argument, White conflates the trial court's determination of whether she was eligible to file her petition with the trial court's determination that issuance of the order would be in the best interest of justice. The language of the statute shows these are two separate inquires. Former subsection 411.08(d) provided that a nondisclosure order should issue after four separate requirements have been fulfilled: (1) the petitioner has provided notice to the State; (2) there has been an opportunity for a hearing; (3) the trial court has determined that the petitioner is entitled, under the other provisions of the statute, to file the petition; and (4) issuance of the order is in the best interest of justice. *See id.* § 411.081(d).

Our decision in *Harris v. State* illustrates that a determination of whether a petitioner was entitled to file a petition for nondisclosure under Former Section 411.081 is a separate determination from whether the issuance of a nondisclosure order is in the best interest of justice. *Harris v. State*, 402 S.W.3d 758 (Tex. App.—Houston [1st Dist.] 2012, no pet.). In *Harris*, the trial court denied Harris's request for a nondisclosure order regarding a 2001 offense for which Harris had been discharged from deferred adjudication community supervision in 2003. *Id.* at 765. In support of its denial, the trial court stated in its findings of fact and

9

conclusions of law that it had denied the petition because Harris had been placed on deferred adjudication community supervision again in 2010 for a subsequent offense. *Id.* at 765–66. Specifically, the trial court found that the "June 17, 2010 deferred adjudication for evading arrest precludes the issuance of an order for nondisclosure for the July 18, 2001 deferred adjudication." *Id.* at 766. Because of this determination, the trial court stated that it had not reached the issue of whether issuance of the order was in the best interest of justice. *Id.* at 760.

We held that, under the statutory provisions, the trial court's determination that Harris's 2010 deferred adjudication precluded him from seeking a nondisclosure order was incorrect. *Id.* at 766. We reversed the order denying the Harris's petition. *Id.* We noted that the trial court had expressly stated in its findings of fact and conclusions of law that it had not reached or decided the issue of whether issuance of the nondisclosure order was in the best interest of justice. *Id.* Because it had not reached it, we remanded the case to the trial court to consider the issue of whether issuance of the nondisclosure order was in the best interest of justice. *Id.*

*Harris* demonstrates that whether the issuance of the order is in the best interest of justice is a separate issue from whether a petitioner is entitled under the

statutory criteria to file a petition for nondisclosure in the first instance.[2]  Thus, while the pending DWI charge did not render White ineligible from filing a petition for nondisclosure, nothing precluded the trial court from considering the pending DWI charge when determining whether issuance of a nondisclosure order would be in the best interest of justice.

White also asserts that the evidence presented at the hearing shows it was in the best interest of justice to grant her request for a nondisclosure order.  In her brief, White points to her own testimony in which she indicated "that no matter how well or hard she worked, her previous theft charge was inhibiting her advancement in work, and relegating her to work for $8.00 per hour while supporting herself and her child."

White avers that "[e]veryone makes mistakes during life."  She asserts that the legislature enacted Former Section 411.081 to remedy the injustice that results from having a criminal record.  White points out she is a young, single mother, who can make no more than $8.00 an hour because of the theft conviction.  White avers, "A theft on a person's record is especially prejudicial making them appear untrustworthy when in fact they are worthy of trust and guilty of nothing more than an immature act."

---

[2]    White indicates that we held in *Harris* that, on remand, the trial court could not consider Harris's 2010 offense when determining whether issuance of a nondisclosure order for her 2001 offense was in the best interest of justice.  We disagree.  *Harris* contains no such holding or determination.

11

White makes a sympathetic argument; however, she has not shown that it was outside the trial court's discretion to determine that issuance of a nondisclosure order was not in the best interest of justice. We begin by noting that, as a factfinder, the trial court is given great latitude to believe or disbelieve a witness's testimony, particularly if, as here, the witness is interested in the outcome. *See Kelly v. Brenham Floral Co.*, No. 01–12–01000–CV, 2014 WL 4219448, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.).

The record shows that, immediately after denying White's petition, the trial court stated that it wanted the record to reflect that it was taking judicial notice of the pending DWI case. This indicates that the trial court actually considered the pending DWI charge in denying the petition. Of course, neither an indictment nor an information constitutes evidence of guilt. *Henderson v. State*, 295 S.W.2d 215, 216 (Tex. Crim. App. 1956). And no person shall be compelled in any criminal proceeding to be a witness against herself. *See* U.S. CONST. amend. V; TEX. CONST. art. I §10. However, this is a civil case, and the Supreme Court of Texas has stated that, in a civil case, a witness's assertion of the right against self-incrimination may influence a factfinder's view of the witness's credibility. *Lozano v. Lozano*, 52 S.W.3d 141, 150 (Tex. 2001). Because the trial court could have, in its discretion, chosen not to believe White, she has not shown that the trial

court acted arbitrarily or unreasonably in its ruling. We hold that the trial court did not err by denying White's petition for nondisclosure.

We overrule White's sole issue.

## Conclusion

We affirm the order of the trial court denying White's petition for non-disclosure.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Brown.